```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF RHODE ISLAND
```

- - - - - - - - - - - - - - - - - -
STEWARD HEALTH CARE            )
SYSTEM, LLC, et al.            )
    Plaintiffs,             )
                                )
   v.                           )      C.A. No. 13-405 S
                                )
BLUE CROSS & BLUE SHIELD OF    )
RHODE ISLAND,                  )
    Defendant.              )
- - - - - - - - - - - - - - - - - -

## STANDARD PRETRIAL ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is ordered that:

All factual discovery will be closed by **December 31, 2014**.

All expert discovery will be closed by **April 30, 2015**.

Dispositive motions[1] shall be filed by **May 29, 2015**.

Plaintiff shall make its expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2) by **February 27, 2015**.

Defendant shall make its expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2) by **March 27, 2015**.

(Any expert witness not disclosed by these dates may not be allowed to testify unless authorized by the Court. See Fed. R. Civ. P. 37(c).)

Counsel shall file electronically, 30 days after a decision on any dispositive motion or, if no dispositive motions are filed, by **May 29, 2015** a pretrial memorandum which shall contain the following information:

---

[1] In matters before Chief Judge Smith, prior to filing a motion for summary judgment, counsel must request a conference with the Court.

1.(a)  Plaintiff will set forth what is expected to be proven in support of the claim;

1.(b)  Defendant will set forth what is expected to be proven in defense;

2. A memorandum of supporting law with citations of authorities.  This is to include all the law applicable to the case with emphasis on special legal issues, including any and all matters that may be the subject of a motion in limine.  All pertinent citations will be fully briefed;

3. A statement as to probable length of trial;

4. Any additional matter which counsel feel will aid the Court in the disposition and/or trial of the action.

At least **fourteen (14) days** before jury selection or, in the case of a matter to be tried without a jury, **fourteen (14) days** before trial is to begin, counsel shall submit to the Court in conventional form (paper) the following:

1. A list of all witnesses expected to testify with a brief summary of each witness's testimony and a statement as to whether that witness will testify as an expert;

2. A list of all exhibits intended to be offered at the trial with statements of the purpose for which the exhibit is offered.  All such exhibits are to be pre-marked by the plaintiff in numerical order and by the defendant in alphabetical order;

In addition, in matters to be tried before a jury, counsel shall also file **electronically** full and complete proposed jury instructions and a jury verdict form (with special interrogatories, if any are being requested) at least **fourteen (14) days** before jury selection.[2]

---

[2] In matters before Judge Lagueux, counsel must also submit to the Court a paper copy of any proposed jury instructions.

2

Failure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or exclusion of evidence.

After fourteen (14) days from the close of discovery, no motions – other than motions in limine – shall be filed except by leave of the undersigned.

Every effort should be made to settle the case before jurors are summoned for empanelment.  **Counsel are to advise the clerk of any such settlement and file a stipulation of dismissal no later than seven (7) days before the scheduled empanelment date.**  Jury costs and/or counsel fees may be assessed against one or more of the parties and/or counsel if the Court determines that the lateness of settlement was due to unreasonable or vexatious conduct or neglect.

So Ordered.

/s/ William E. Smith
William E. Smith
Chief Judge
Date:  April 30, 2014