# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Rhode Island

| | |
|---|---|
| Steward Health Care System LLC. et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.  13-4055 |
| Blue Cross & Blue Shield of Rhode Island, | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Thundermist Health Center, Charles T. Jones,
Registered Agent, 450 Clinton Street, Woonsocket, RI 02895

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

    All those items described in Attachment "A" attached hereto and incorporated herein as if fully rewritten.

| Place: BURNS & LEVINSON LLP, One Citizens Plaza, Providence, Rhode Island 02903 | Date and Time: Monday, December 1, 2014 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/30/2014

      *CLERK OF COURT*

                               OR    *Mark S. Levinstein*

       *Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Steward Health Care System LLC., et al.                     , who issues or requests this subpoena, are:

Mark S. Levinstein, Williams & Connolly LLP, Washington, DC 20005, 202-434-5012, mlevinstein@wc.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

Steward Health Care System LLC, et al.                    )
                                                          )
                                                          )
                                                          )
                    Plaintiff(s)                          )
                                                          ) Case No.: 13-4055
                                                          )
                         v.                               )
Blue Cross & Blue Shield of Rhode Island                  )
                                                          )
                                                          )
                    Defendant                             )

### AFFIDAVIT OF SERVICE

I, Michael A. Caires, Constable, a Private Process Server, being duly sworn, depose and say:

That I have been duly authorized to make service of the Subpoena Duces Tecum with Attachment A in the above entitled case.

That I am over the age of eighteen years and I am not a party to or otherwise interested in this matter.

That on October 31, 2014 at 9:01 AM, I served Thundermist Health Center with the Subpoena Duces Tecum with Attachment A at 450 Clinton Street, Woonsocket, Rhode Island 02895 by serving Debra Okruta, Practice Manager, authorized to accept.

Debra Okruta is described herein:
Gender: Female   Race/Skin: White   Hair: Brown   Age: 50   Height: 5'3"   Weight: 130

I declare under penalty of perjury that I have read the foregoing information contained in the Affidavit of Service and that the facts stated in it are true and correct.

10/31/14
Executed on:

Michael A. Caires, Constable
CAPITOL PROCESS SERVICES, INC.
1827 18th Street, NW
Washington, DC 20009-5526
(202) 667-0050

ID: 14-115026

Client Reference: 45809.0001

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

STEWARD HEALTH CARE SYSTEM LLC, et al.,)
                        )
     Plaintiffs,                 )
                        )     Case No. 13-405S
                        )
         v.                )     Honorable William E. Smith
                        )     Magistrate Judge Lincoln Almond
BLUE CROSS & BLUE SHIELD OF     )
RHODE ISLAND,              )
                        )
     Defendant.               )
                        )

## NOTICE OF SERVICE OF SUBPOENA DUCES TECUM
## TO THUNDERMIST HEALTH CENTER

PLEASE TAKE NOTICE that pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, Plaintiffs Steward Health Care System, LLC, et al., give notice to Defendant Blue Cross & Blue Shield of Rhode Island that Plaintiffs will serve the attached subpoena seeking the production of documents on Thundermist Health Center. The documents to be produced are identified in **Attachment A,** attached to the subpoena.

Dated: October 30, 2014

                                Respectfully submitted,

                                /s/ Robert C. Corrente
                                Robert C. Corrente (RI Bar No. 2632)
                                Thomas Reith
                                BURNS & LEVINSON LLP
                                One Citizens Plaza
                                Providence, Rhode Island 02903
                                Tel: (401) 831-8330
                                Fax: (401) 831-8359
                                rcorrente@burnslev.com

                                /s/ Brendan V. Sullivan
                                Brendan V. Sullivan, Jr. (RI Bar No. 0789)

Steven R. Kuney (*pro hac vice*)
Mark S. Levinstein (*pro hac vice*)
Kevin Hardy (*pro hac vice*)
Greg Hillson (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, DC  20005
Tel: (202) 434-5000
Fax: (202) 434-5029
bsullivan@wc.com
skuney@wc.com
mlevinstein@wc.com
khardy@wc.com
ghillson@wc.com

*Attorneys for Steward Health Care System LLC;
Blackstone Medical Center, Inc., f/k/a Steward
Medical Holding Subsidiary Four, Inc.; and
Blackstone Rehabilitation Hospital, Inc., f/k/a
Steward Medical Holding Subsidiary Four Rehab,
Inc.*

## CERTIFICATION

I certify that on October 30, 2014, a copy of Notice of Service of Subpoena Duces Tecum to Thundermist Health Center was served by electronic mail on the following counsel of record:

John A. Tarantino
Patricia K. Rocha
Joseph Avanzato
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
jtarantino@apslaw.com
procha@apslaw.com
javanzato@apslaw.com

N. Thomas Connally, III
Emily M. Yinger
Robert F. Leibenluft
HOGAN LOVELLS US LLP
Park Place II, Ninth Floor
7930 Jones Branch Drive
Mclean, VA 22102-3302
tom.connally@hoganlovells.com
emily.yinger@hoganlovells.com
robert.leibenluft@hoganlovells.com


/s/ Mark S. Levinstein

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Rhode Island

| | |
|---|---|
| Steward Health Care System LLC. et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  13-4055 |
| Blue Cross & Blue Shield of Rhode Island, | ) |
| | ) |
| _Defendant_ | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:           Thundermist Health Center, Charles T. Jones,
                 Registered Agent, 450 Clinton Street, Woonsocket, RI 02895

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
      All those items described in Attachment "A" attached hereto and incorporated herein as if fully rewritten.

| Place: BURNS & LEVINSON LLP, One Citizens Plaza, Providence, Rhode Island 02903 | Date and Time: Monday, December 1, 2014 at 10:00 a.m. |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      10/30/2014

                 _CLERK OF COURT_

                                                      OR   _Mark S. Levinstein_

                 _Signature of Clerk or Deputy Clerk_                      _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_        Steward
Health Care System LLC., et al.                                      , who issues or requests this subpoena, are:
Mark S. Levinstein, Williams & Connolly LLP, Washington, DC 20005, 202-434-5012, mlevinstein@wc.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   13-4055

# PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

You are requested to deliver the requested documents by first class mail, postage prepaid, to Greg Hillson, Esq. Williams & Connolly LLP, 725 Twelfth Street, N.W. Washington, D.C. 20005 or by hand delivery to the offices of Burns & Levinson LLP, One Citizens Plaza, Providence, RI 02903, on or before Monday, December 1, 2014 at 10 a.m.

## DEFINITIONS

As used in these requests, the following terms shall have the following meanings, unless the context clearly requires otherwise:

1.      "You" or "your" refers, without limitation, to Thundermist Health Center and any of its current and former affiliates, predecessors, parents, divisions, subsidiaries, owners, shareholders, officers, directors, employees, representatives, agents, and any other person acting on its behalf.

2.      "BCBSRI" refers to Blue Cross & Blue Shield of Rhode Island, its current and former subsidiaries, affiliates, divisions, predecessors, officers, directors, employees, agents, and representatives, and any other person acting on its behalf.

3.      "Caritas Christi" refers to Caritas Christi Health Care, its subsidiaries, affiliates, divisions, predecessors, officers, directors, employees, agents, and representatives, and any other person acting on their behalf.

4.      "Landmark" refers to Landmark Health Systems, Inc., Landmark Medical Center, and Northern Rhode Island Rehab Management Associates, L.P. (d/b/a Rehabilitation Hospital of Rhode Island), and their current and former subsidiaries, affiliates, divisions, predecessors, officers, directors, employees, agents, and representatives, and any other person acting on their behalf.

1

5.     "Lifespan" refers to Lifespan health system, its current and former subsidiaries, affiliates, divisions, predecessors, officers, directors, employees, agents, and representatives, and any other person acting on their behalf.

6.     "Prime" or "Prime Healthcare" refers to Prime Healthcare Services, its current and former subsidiaries, affiliates, divisions, predecessors, officers, directors, employees, agents, and representatives, and any other person acting on their behalf.

7.     "Steward" refers to the plaintiffs in this action and their current and former subsidiaries, affiliates, divisions, predecessors, officers, directors, employees, agents, and representatives, and any other person acting on their behalf.

8.     "Communication" means any verbal or written transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between two or more persons including, without limitation, correspondence, messages, telephone conversations, other conversations, discussions, meetings, conferences, and other such activities or occurrences whereby thoughts, opinions, or data are transmitted between two or more persons.

9.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of that term in Rule 34(a) of the Federal Rules of Civil Procedure and specifically includes, without limitation, data kept or stored in electronic and/or computerized form.  A draft or non-identical copy is a separate document within the meaning of the term.

10.     "Person" means any natural person or any business, legal, or governmental entity or association.

11.     "Including" means "including but not limited to."

12.     "And" shall mean "and" as well as "or."

13.     "Or" shall mean "or" as well as "and."

2

14.     "Concern" or "concerning" means relating to, referring to, describing, evidencing, or constituting.

15.     "Discuss" means mention, reference or addresses in any way.

16.     All accounting terms, legal terms, or technical terms associated with a particular industry, profession, or identifiable body of knowledge have the meanings customarily and ordinarily associated with those terms within that industry, profession, or discipline.

## INSTRUCTIONS

1.     Unless otherwise specified, these requests for documents are limited to the time period from January 1, 2008 to the present.

2.     Documents produced shall include each copy of any document that is not identical to the original of such document and shall include any copy of any document upon which any marking or notation is made that is not made upon the original of such document or upon any other copy thereof.

3.     The plural form shall include the singular, and the singular form shall include the plural.

4.     The terms "all," "any," and "each" shall each be construed as encompassing any and all.

5.     These document requests apply to and include, among other things, any recordings of meetings, telephone calls, or conversations, regardless of how recorded or maintained.

6.     If You contend that any document is privileged or otherwise not subject to discovery, (a) identify the withheld document by author, addressee, date, number of pages, and subject matter, (b) set forth the nature and basis for Your contention that the document is not

3

subject to discovery, (c) provide a brief description of the subject matter of the document, and (d) identify each person to whom a copy of the withheld document was sent, or to whom the withheld document or its contents, or any part thereof, was disclosed.

7.     If You object to any document request or subpart thereof on any other ground, specify Your objection and furnish a response and produce documents responsive to all portions of such request to which You have no objection.

8.     In responding to these document requests, furnish all information which is in Your possession, custody or control including, but not limited to, documents possessed by Your agents, representatives, or attorneys.  If You are unable to respond to any request for production in full after exercising due diligence to secure the requested information, so state, and explain why the request for production cannot be responded to in full.

9.     The documents requested include all attachments and enclosures.  If any portion of a document is responsive to a request, please produce the entire document, including all attachments, enclosures, "post-it"- type notes, and any other matter physically attached to the document, whether by adhesive, paper clip or any other manner.  If documents responsive to this request are normally kept in a file or folder, also produce that file or folder with any labels attached thereto, and please indicate the company, division, department and/or individual from whose files the document is being produced.  If responsive documents are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs or any other method, please produce such documents in that form.

10.     If any document is currently not available and is in the possession of another person, please provide the name and address of the person(s) from whom the document may be obtained.

11.     If any document that would have been responsive to any of these requests has been destroyed or lost, for each such document state when it was destroyed or lost, please identify the person who destroyed or lost the document, and the person who directed that it be destroyed. In addition, detail the reasons for the destruction, describe the nature of the document, identify the person(s) who created, sent and received the document, state the date of the document, and state in as much detail as possible the contents of the document.

12.     If there are no documents responsive to any particular category, please state so in writing.

13.     If any requested documents are maintained in digital, electronic, and/or imaged form, production of a copy of the electronically stored information ("ESI") in digital, electronic, and/or imaged form is hereby requested, along with any information needed to access, search or sort electronic data or documents.

14.     The format of productions of ESI shall be in accordance with the ESI protocol entered by the Court in this matter.

15.     Any concerns about the confidentiality of any documents sought pursuant to this subpoena can be addressed by designating documents as Confidential or Highly confidential in accordance with the Order entered by the Court in this matter.

16.     If You have reason to believe there are responsive emails that were created during the period specified in Instruction 1 that have not been retained, please state the name and address of the email provider (e.g., Microsoft, Yahoo!, Thunderbird, Gmail, Bloomberg, or AOL) or program used by You or Your personnel during the period and what efforts You have made to retrieve the requested information.

17.    In construing these requests, You should give effect to the Definitions set forth above.  Undefined words and terms shall be given their common meaning.  If You are unsure of the definition of a particular term or word, please use the definition that You believe to be the most accurate and state that definition in Your response.

18.    These requests are continuing in character, so as to require You to make supplemental responses if You obtain different or additional information or documents prior to and including the date of trial.

## DOCUMENT REQUESTS

1.     All documents that discuss or refer to Caritas Christi or Steward, including documents that discuss or refer to Ralph de la Torre, Mark Rich, Bob Guyon, or Josh Putter.

2.     All documents that constitute or discuss any proposed, draft, or executed agreements, contracts, memoranda of understanding, or business relationships between You and Landmark or between You and Caritas Christi, Steward, Prime, Landmark, or any other actual or potential owner of Landmark, including documents that discuss whether or not to enter into any such agreements, contracts, memoranda of understanding, or business relationships.

3.     All documents that constitute or discuss any proposed, draft, or executed agreements, contracts, memoranda of understanding, or business relationships between You and any acute care hospital in Rhode Island or any network of such hospitals, including documents that discuss whether or not to enter into any such agreements, contracts, memoranda of understanding, or business relationships.

4.     All documents that discuss Your actual or potential participation in an accountable care organization, or a health care network that does not include Landmark or includes less than all services provided by Landmark.

5.     All documents that discuss any consideration of encouraging or recommending that Your physicians or other personnel refer patients to an acute care hospital other than Landmark or to health care providers who are based at or admit patients primarily at an acute care hospital other than Landmark.

6.     Documents sufficient to show, on an annual basis from 2008 to the present, at what hospitals Thundermist patients sought acute care services and to what hospitals Thundermist physicians referred or encouraged patients to go for acute care services.

7.     All documents that discuss whether Your physicians or other personnel do or should refer patients to Landmark or to health care providers who are based at or admit patients primarily at Landmark, including proximity, convenience, quality of care, and any other reasons.

8.     All documents that discuss the potential elimination of any services, including in-patient services, at Landmark.

9.     All documents that discuss the actual or potential acquisition of Landmark by Caritas Christi, Steward, Lifespan, Prime, or anyone else, including documents that discuss reasons to favor or oppose any such acquisition or any potential impact or effect that such acquisition has had or may have on Your business or Your business relationship with any acute care hospital or network of such hospitals in Rhode Island or any provider of commercial health insurance.

10.     All documents that discuss the significance or importance to You of Your business relationship with BCBSRI, or that discuss BCBSRI's negotiating power, leverage, importance, or share or percentage of revenues or patients with respect to You.

11.     Documents sufficient to show on an annual basis for each year since 2008:

   a) of Your patients covered by a commercial health insurance plan, the percentage of those patients who are covered by a BCBSRI health insurance plan, *and*

   b) of the portion of Your revenue and profit that is attributable to reimbursements from commercial health insurance companies, the percentage of that revenue and profit that is attributable to reimbursements from BCBSRI.

12.     Documents sufficient to show on an annual basis for each year since 2008:

8

a)  the number of patients that Your physicians or other personnel referred to Landmark or to a health care provider who was based at or admitted patients primarily at Landmark, *and,*

b)  of the patients that Your physicians or other personnel referred to a particular acute care hospital or to a particular health care provider, the percentage of patients that Your physicians or other personnel referred to Landmark or a health care provider who was based at or admitted patients primarily at Landmark.

13.  All documents that discuss any estimates or calculations of:

a)  The number of Your patients who receive care or are examined at Landmark, *or*

b)  Landmark's revenue or profit attributable to its treatment or examination of Your patients.