# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

STEWARD HEALTH CARE SYSTEM, LLC,
BLACKSTONE MEDICAL CENTER, INC.,
f/k/a STEWARD MEDICAL HOLDING
SUBSIDIARY FOUR, INC., BLACKSTONE
REHABILITATION HOSPITAL, INC., f/k/a
STEWARD MEDICAL HOLDING SUBSIDIARY:
FOUR REHAB, INC.,                                        C.A. No. 13-405-S

                                                    Plaintiffs,

v.

BLUE CROSS & BLUE SHIELD OF
RHODE ISLAND,

                                                    Defendant.

**NOTICE OF SERVICE BY PLAINTIFFS OF SUBPOENA DUCES TECUM
TO CUSTODIAN OF RECORDS, THUNDERMIST HEALTH CENTER**

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs, Steward Health Care System, LLC, et al., by and through their undersigned attorneys, will serve their attached subpoena seeking the production of documents on Custodian of Records, Thundermist Health Center, and the associated documents requests attached to the subpoena as Exhibit A.

Dated: January 13, 2016

                                                    Respectfully submitted,

                                                    /s/ Robert C. Corrente
                                                    Robert C. Corrente (RI Bar No. 2632)
                                                    Whelan, Corrente, Kinder & Siket LLP,
                                                    100 Westminster Street, Suite 710,
                                                    Providence, RI 02903
                                                    Tel: (401) 270-4500
                                                    Fax: (401) 270-3760
                                                    rcorrente@wckslaw.com

                                                    /s/ Mark S. Levinstein

Brendan V. Sullivan, Jr. (RI Bar No. 0789)
Steven R. Kuney (*pro hac vice*)
Mark S. Levinstein (*pro hac vice*)
Kevin Hardy (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, DC  20005
Tel: (202) 434-5000
Fax: (202) 434-5029
bsullivan@wc.com
skuney@wc.com
mlevinstein@wc.com
khardy@wc.com

*Attorneys for Steward Health Care System LLC; Blackstone Medical Center, Inc., f/k/a Steward Medical Holding Subsidiary Four, Inc.; and Blackstone Rehabilitation Hospital, Inc., f/k/a Steward Medical Holding Subsidiary Four Rehab, Inc.*

## CERTIFICATION

I certify that on January 13, 2016, a copy of Notice of Service by Plaintiffs of Subpoena Duces Tecum on Thundermist Health Center was served by electronic mail on the following counsel of record:

| | |
|---|---|
| John A. Tarantino | N. Thomas Connally, III |
| Patricia K. Rocha | Emily M. Yinger |
| Joseph Avanzato | Robert F. Leibenluft |
| Leslie Parker | HOGAN LOVELLS US LLP |
| ADLER POLLOCK & SHEEHAN P.C. | Park Place II, Ninth Floor |
| One Citizens Plaza, 8th Floor | 7930 Jones Branch Drive |
| Providence, RI 02903 | Mclean, VA 22102-3302 |
| jtarantino@apslaw.com | tom.connally@hoganlovells.com |
| procha@apslaw.com | emily.yinger@hoganlovells.com |
| javanzato@apslaw.com | robert.leibenluft@hoganlovells.com |
| lparker@apslaw.com | |

/s/ Mark S. Levinstein

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Rhode Island

| | |
|---|---|
| Steward Health Care System LLC. et al. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   13-405-S |
| Blue Cross & Blue Shield of Rhode Island, | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Custodian of Records, Thundermist Health Center
c/o Robert D. Fine, Chace Ruttenberg & Freedman, LLP, One Park Row, Suite 300, Providence, RI 02903

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
All those items described in Exhibit "A" attached hereto and incorporated herein as if fully rewritten.

| Place: Whelan, Corrente, Kinder & Siket LLP<br>100 Westminster Street, Suite 710, Providence, RI 02903 | Date and Time:<br>Monday, January 25, 2016 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/13/16

*CLERK OF COURT*                                           OR   _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Steward Health Care System LLC., et al._____, who issues or requests this subpoena, are:
Christopher N. Dawson, Whelan Corrente Kinder & Siket, Providence, RI 02903, 401-270-4500;cdawson@wckslaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 13-4055

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____      _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, You are requested to produce the Documents described below to Daniel Bell, Esq. Williams & Connolly LLP, 725 Twelfth Street, N.W. Washington, D.C. 20005 or by hand delivery to the offices of Whelan, Corrente, Kinder & Siket LLP, 100 Westminster Street, Suite 710, Providence, RI 02903, on or before Monday, January 25, 2016 at 10:00 a.m..

### DEFINITIONS

1. "Document" includes, but is not limited to, all documents and electronically-stored information described in Fed. R. Civ. P. 34(a).

2. "Person" means any natural person or legal entity, including but not limited to any corporation, partnership, proprietorship, firm, trust, association, government entity, organization, or group of Persons.

3. "You" and "Your" means Thundermist Health Center, and any of its current and former affiliates, predecessors, parents, divisions, subsidiaries, owners, shareholders, officers, directors, employees, representatives, agents, and any other Person acting on their behalf.

### INSTRUCTIONS

1. You are requested to produce all Documents in Your possession, custody, or control, including all non-identical copies and all drafts of such Documents.

2. These requests are continuing in nature. If You subsequently discover or obtain additional Documents responsive to this Subpoena, You shall promptly produce such Documents.

3. Each Document produced shall include all attachments, all enclosures, any

cover letter(s), and any cover email(s) associated with the Document. Any Documents attached to each other shall not be separated.

4. Where a claim of privilege or other immunity from discovery is asserted in objecting to any request or any part thereof, and any Document is withheld (in whole or in part) on the basis of such assertion, You shall identify the Document and provide a description sufficient to enable the parties and the Court to assess the applicability of the privilege or immunity claimed.

5. If You assert that part of a request is objectionable, respond to the remaining parts of the request to which You do not object. For those portions of any request to which You object, please state the reason for such objection in sufficient detail to permit the Court to rule on Your objection.

6. This request for Documents is in addition to, and does not supersede, any prior requests for Documents.

7. Unless otherwise set forth below, this request for Documents is limited to the time period from June 1, 2008, to the present.

## DOCUMENT REQUESTS

1. Documents discussing the actual or proposed acquisition of Landmark Medical Center ("Landmark") by Steward Health Care System ("Steward"), Caritas Christi Health Care ("Caritas"), Prime Healthcare Services ("Prime"), Lifespan health system ("Lifespan"), Care New England Health System ("Care New England"), or CharterCARE Health Partners ("CharterCARE").

2. Documents discussing or constituting any actual or proposed contract, agreement, or business relationship between You and Landmark, Steward, Caritas, Prime,

2

Lifespan, Care New England, CharterCARE, or any other actual or proposed acquirer of Landmark, related to the acquisition of Landmark and/or healthcare services performed at Landmark.

3. Documents discussing or analyzing Steward's actual or proposed Asset Purchase Agreement(s) ("APA") for the acquisition of Landmark, including the condition precedent that Steward enter into a Memorandum of Understanding ("MOU") with You.

4. Documents discussing or constituting any communications or negotiations with Steward regarding any actual or proposed contract, agreement, business relationship, or MOU related to encouraging or requiring the referral of Your patients to Landmark or other Steward acute care facilities instead of other acute care facilities, including but not limited to Documents discussing or analyzing: (1) the reasons for Your decision not to enter into such an arrangement; and (2) the effects of such an arrangement on You, Your patients, Steward, Landmark, and Your relationship with BCBSRI.

5. Documents or communications discussing the quality of care at Landmark, including but not limited to documents discussing Landmark's performance based on quality measures promulgated by BCBSRI, by other commercial health insurers, by state or federal government or regulatory entities, or by quality rating organizations; patient surveys and patient complaints regarding the quality of care at Landmark; and internal analyses or comparisons of the quality of care at Landmark.

6. Documents or communications discussing or analyzing the referral of Your patients to an hospital or outpatient facility other than Landmark, including but not limited to Documents or communications discussing or analyzing: (1) Your actual or proposed decision to refer obstetrics patients to Women & Infants Hospital instead of Landmark; (2) the reasons

3

for that decision, including the quality of obstetric care at Landmark; and (3) the effects of that decision on You, Your patients, Landmark, and Women & Infants Hospital.

7. Documents discussing or constituting any actual or proposed contract, agreement, or business relationship between You and Care New England and/or Women & Infants Hospital related to the referral of Your patients.

8. For each physician or other medical professional employed by or affiliated through contract with You, Documents sufficient to show:

  (1) Name;

  (2) Address (city, state, and zip code);

  (3) Medical Specialty;

  (4) National Provider Identification number;

  (5) Whether the physician or medical professional was employed by You or affiliated through a contract with You;

  (6) Date on which the physician or medical professional became employed by or affiliated with You;

  (7) Date on which the physician or medical professional ceased to be employed by or affiliated with You;

  (8) Whether the physician or medical professional was engaged in full-time clinical practice;

  (9) Separately for each hospital at which the physician or medical professional has held professional staff privileges, the number of inpatients he/she admitted to the hospital or treated at the hospital in each year, stated separately by DRG code;

  (10) Separately for each outpatient facility at which the physician or medical professional has provided services, the number of outpatient procedures he/she performed at the facility in each year, stated separately by CPT or APC code.

4

9. Documents or Communications related to any actual or proposed contract, agreement, or business relationship between BCBSRI and You or between BCBSRI and Lifespan related to encouraging or requiring BCBSRI subscribers to receive treatment from You or at Lifespan facilities rather than at Landmark (other than health plans offered solely to Thundermist or Lifespan employees).

10. Documents or Communications related to any actual or proposed contract, agreement, or business relationship between You and Lifespan, including but not limited to Documents or Communications related to any "treat and transfer" model (or other model) at Landmark that would reduce the quantity or type of acute care services performed at Landmark, *see* Amended Compl., ¶ 33, any joint communication plan or letter of intent between You and Lifespan, *see* ¶ 39, any payments or referrals between You and Lifespan, and any other agreement related to Lifespan's actual or proposed acquisition of Landmark.

11. Documents sufficient to show the amount and percentage of your gross revenue, net revenue, profit, and costs attributable to: Medicare, Medicaid, BCBSRI, and other commercial health insurers.

12. Your annual financial statements, including balance sheets and profit and loss statements.