# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STEWARD HEALTH CARE SYSTEM, et al.

v.                                             Civil Action No. 2013-405-S

BLUE CROSS & BLUE SHIELD
OF RHODE ISLAND

### RESPONSE OF NON-PARTY THUNDERMIST HEALTH CENTER TO SUBPOENA DUCES TECUM DATED OCTOBER 30, 2014

Non-party Thundermist Health Center ("Thundermist") submits the following as its response to the Subpoena Duces Tecum dated October 30, 2014 (the "Subpoena"), served upon it by the plaintiffs.

### OBJECTIONS APPLICABLE TO ALL RESPONSES

Thundermist objects to the "Instructions" included within the Subpoena to the extent that such instructions may be inconsistent with the Federal Rules of Civil Procedure regarding the obligations of a non-party in receipt of a Subpoena.

Moreover, several of the documents produced herein are responsive to more than one request. To that extent, the response to each individually-numbered request is incorporated by reference into each and every other request.

Further, Thundermist objects to the production of any documents protected from disclosure pursuant to the attorney-client privilege. Any disclosure of privileged information despite this objection is unintentional and is not intended as a waiver of the privilege.

Moreover, Thundermist objects to producing drafts of documents, given that the drafts of the documents produced herewith are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in that no draft relates to any alleged effort by Blue Cross Blue Shield of Rhode Island ("Blue Cross") to discourage Thundermist from dealing with Steward Health

Care System or others (collectively, "Steward"), or Blue Cross telling Thundermist that doing so might jeopardize Thundermist's opportunities to engage in future profitable business opportunities with Blue Cross and Rhode Island's existing hospital networks, as alleged in Paragraph 37 of the Complaint. In fact, Thundermist was not aware, and is not now aware, of any such effort by Blue Cross to influence Thundermist.

## DOCUMENT REQUESTS

### Request No. 1

All documents that discuss or refer to Caritas Christi or Steward, including documents that discuss or refer to Ralph de la Torre, Mark Rich, Bob Guyon or Josh Putter.

### Response

Objection. This request is overly broad and unduly burdensome. The allegations of the Complaint concern whether Blue Cross discouraged Thundermist from dealing with Steward, or Blue Cross telling Thundermist that doing so might jeopardize Thundermist's opportunities to engage in future profitable business opportunities with Blue Cross and Rhode Island's existing hospital networks. As Thundermist was not aware, and is not now aware, of any such effort by Blue Cross to influence Thundermist, this request, by definition, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Thundermist specifically identifies two responsive documents withheld from production pursuant to this objection:

  (a) a four-page document dated in July, 2011, comprised of notes of confidential conversations between Thundermist's President/CEO and members of the health care industry (none of whom are employed by or otherwise affiliated with Blue Cross) regarding the health-care industry (including Steward), but contains no mention of Blue Cross vis-à-vis Steward or Landmark; and

  (b) a four-page undated document authored by Thundermist's President/CEO, which is an incomplete draft of a possible communication to the Superior Court that was never finished or delivered to the Court, which incomplete draft does not mention or refer to Blue Cross in any way.

Without waiving this objection, and subject thereto, see the documents attached at Tab 1. In addition, Thundermist incorporates all responsive documents it has filed with the Court in connection with the Landmark mastership proceedings, which documents are publically available.

*Request No. 2*

All documents that constitute or discuss any proposed, draft, or executed agreements, contracts, memoranda of understanding, or business relationships between You and Landmark or between You and Caritas Christi, Steward, Prime, Landmark or any other actual or potential owner of Landmark, including documents that discuss whether or not to enter into any such agreements, contracts, memoranda of understanding, or business relationships.

*Response*

Objection. This request is overly broad and unduly burdensome. The allegations of the Complaint concern whether Blue Cross discouraged Thundermist from dealing with Steward, or Blue Cross telling Thundermist that doing so might jeopardize Thundermist's opportunities to engage in future profitable business opportunities with Blue Cross and Rhode Island's existing hospital networks. As Thundermist was not aware, and is not now aware, of any such effort by Blue Cross to influence Thundermist, this request, by definition, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Further, to the extent this request seeks documents concerning negotiations or contracts between Thundermist and any entity other than Landmark, such documents are confidential and proprietary to Thundermist's business.

Without waiving this objection, and subject thereto, see the documents attached at Tab 2. In addition, Thundermist incorporates all responsive documents it has filed with the Court in connection with the Landmark mastership proceedings, which documents are publically available.

*Request No. 3*

All documents that constitute or discuss any proposed, draft, or executed agreements, contracts, memoranda of understanding, or business relationships between You and any acute care hospital in Rhode Island or any network of such hospitals, including documents that discuss whether or not to enter into any such agreements, contracts, memoranda of understanding or business relationships.

*Response*

Objection. This request is overly broad and unduly burdensome. The allegations of the Complaint concern whether Blue Cross discouraged Thundermist from dealing with Steward, or Blue Cross telling Thundermist that doing so might jeopardize Thundermist's opportunities to engage in future profitable business opportunities with Blue Cross and Rhode Island's existing hospital networks. As Thundermist was not aware, and is not now aware, of any such effort by Blue Cross to influence Thundermist, this request, by definition, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Further, to the extent this request seeks documents concerning negotiations or contracts between Thundermist and any entity other than Landmark, such documents are confidential and proprietary to Thundermist's business.

Without waiving this objection, and subject thereto, see the documents attached at Tab 3. In addition, Thundermist incorporates all responsive documents it has filed with the Court in connection with the Landmark mastership proceedings, which documents are publically available.

*Request No. 4*

All documents that discuss Your actual or potential participation in an accountable care organization, or a health care network that does not include Landmark or includes less than all services provided by Landmark.

*Response*

Objection. This request is overly broad and unduly burdensome. The allegations of the Complaint concern whether Blue Cross discouraged Thundermist from dealing with Steward, or Blue Cross telling Thundermist that doing so might jeopardize Thundermist's opportunities to engage in future profitable business opportunities with Blue Cross and Rhode Island's existing hospital networks. As Thundermist was not aware, and is not now aware, of any such effort by Blue Cross to influence Thundermist, this request, by definition, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Further, to the extent this request seeks documents concerning negotiations or contracts between Thundermist and any entity other than Landmark, such documents are confidential and proprietary to Thundermist's business.

Without waiving this objection, and subject thereto, there are no responsive documents.

*Request No. 5*

All documents that discuss any consideration of encouraging or recommending that Your physicians or other personnel refer patients to an acute care hospital other than Landmark or to health care providers who are based at or admit patients primarily at an acute care hospital other than Landmark.

*Response*

Objection. This request is overly broad and unduly burdensome. The allegations of the Complaint concern whether Blue Cross discouraged Thundermist from dealing with Steward, or Blue Cross telling Thundermist that doing so might jeopardize Thundermist's opportunities to engage in future profitable business opportunities with Blue Cross and Rhode Island's existing hospital networks. As Thundermist was not aware, and is not now aware, of any such effort by Blue Cross to influence Thundermist, this request, by definition, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving this objection, and subject thereto, there are no responsive documents.

### Request No. 6

Documents sufficient to show, on an annual basis from 2008 to the present, at what hospitals Thundermist patients sought acute care services and to what hospitals Thundermist physicians referred or encouraged patients to go for acute care services.

### Response

Objection. This request is overly broad and unduly burdensome. The allegations of the Complaint concern whether Blue Cross discouraged Thundermist from dealing with Steward, or Blue Cross telling Thundermist that doing so might jeopardize Thundermist's opportunities to engage in future profitable business opportunities with Blue Cross and Rhode Island's existing hospital networks. As Thundermist was not aware, and is not now aware, of any such effort by Blue Cross to influence Thundermist, this request, by definition, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving this objection, and subject thereto, Thundermist, having not generated any responsive documents in the ordinary course of its business, has no responsive documents.

### Request No. 7

All documents that discuss whether Your physicians or other personnel do or should refer patients to Landmark or to health care providers who are based at or admit patients primarily at Landmark, including proximity, convenience, quality of care, and any other reasons.

### Response

Objection. This request is overly broad and unduly burdensome. The allegations of the Complaint concern whether Blue Cross discouraged Thundermist from dealing with Steward, or Blue Cross telling Thundermist that doing so might jeopardize Thundermist's opportunities to engage in future profitable business opportunities with Blue Cross and Rhode Island's existing hospital networks. As Thundermist was not aware, and is not now aware, of any such effort by Blue

Cross to influence Thundermist, this request, by definition, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving this objection, and subject thereto, there are no responsive documents.

### Request No. 8

All documents that discuss the potential elimination of any services, including inpatient services, at Landmark.

### Response

Objection. This request is overly broad and unduly burdensome. The allegations of the Complaint concern whether Blue Cross discouraged Thundermist from dealing with Steward, or Blue Cross telling Thundermist that doing so might jeopardize Thundermist's opportunities to engage in future profitable business opportunities with Blue Cross and Rhode Island's existing hospital networks. As Thundermist was not aware, and is not now aware, of any such effort by Blue Cross to influence Thundermist, this request, by definition, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving this objection, and subject thereto, and although Thundermist had no role in whether Landmark eliminated certain services from its facility, see the documents attached at Tab 8. In addition, Thundermist incorporates all responsive documents it has filed with the Court in connection with the Landmark mastership proceedings, which documents are publically available.

### Request No. 9

All documents that discuss the actual or potential acquisition of Landmark by Caritas Christi, Steward, Lifespan, Prime, or anyone else, including documents that discuss reasons to favor or oppose any such acquisition or potential impact or effect that such acquisition has had or may have on Your business or Your business relationship with any acute care hospital or network of such hospitals in Rhode Island or any provider of commercial health insurance.

*Response*

Objection. This request is overly broad and unduly burdensome. The allegations of the Complaint concern whether Blue Cross discouraged Thundermist from dealing with Steward, or Blue Cross telling Thundermist that doing so might jeopardize Thundermist's opportunities to engage in future profitable business opportunities with Blue Cross and Rhode Island's existing hospital networks. As Thundermist was not aware, and is not now aware, of any such effort by Blue Cross to influence Thundermist, this request, by definition, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving this objection, and subject thereto, see the documents attached at Tab 9. In addition, Thundermist incorporates all responsive documents it has filed with the Court in connection with the Landmark mastership proceedings, which documents are publically available.

*Request No. 10*

All documents that discuss the significance or importance to You of Your business relationship with BCBSRI, or that discuss BCBSRI's negotiating power, leverage, importance, or share or percentage of revenues or patients with respect to you.

*Response*

Objection. This request is overly broad and unduly burdensome. The allegations of the Complaint concern whether Blue Cross discouraged Thundermist from dealing with Steward, or Blue Cross telling Thundermist that doing so might jeopardize Thundermist's opportunities to engage in future profitable business opportunities with Blue Cross and Rhode Island's existing hospital networks. As Thundermist was not aware, and is not now aware, of any such effort by Blue Cross to influence Thundermist, this request, by definition, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving this objection, and subject thereto, there are no responsive documents.

*Request No. 11*

Documents sufficient to show on an annual basis for each year since 2008:

a) of Your patients covered by a commercial health insurance plan, the percentage of those patients who are covered by a BCBSRI health insurance plan, *and*

b) of the portion of Your revenue and profit that is attributable to reimbursements from commercial health insurance companies, the percentage of revenue and profit that is attributable to BCBSRI.

*Response*

Objection. This request is overly broad and unduly burdensome. The allegations of the Complaint concern whether Blue Cross discouraged Thundermist from dealing with Steward, or Blue Cross telling Thundermist that doing so might jeopardize Thundermist's opportunities to engage in future profitable business opportunities with Blue Cross and Rhode Island's existing hospital networks. As Thundermist was not aware, and is not now aware, of any such effort by Blue Cross to influence Thundermist, this request, by definition, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Moreover, such documents are confidential and proprietary to Thundermist's business.

Without waiving this objection, and subject thereto, Thundermist, having not generated any responsive documents in the ordinary course of its business, has no responsive documents.

*Request No. 12*

Documents sufficient to show on an annual basis for each year since 2008:

a) the number of patients that Your physicians or other personnel referred to Landmark or to a health care provider who was based at or admitted patients primarily at Landmark, *and*

9

    b)    of the patients that Your physicians or other personnel referred to a particular acute care hospital or to a particular health care provider, the percentage of patients that Your physicians or other personnel referred to Landmark or a health care provider who was based at or admitted patients primarily at Landmark.

*Response*

Objection. This request is overly broad and unduly burdensome. The allegations of the Complaint concern whether Blue Cross discouraged Thundermist from dealing with Steward, or Blue Cross telling Thundermist that doing so might jeopardize Thundermist's opportunities to engage in future profitable business opportunities with Blue Cross and Rhode Island's existing hospital networks. As Thundermist was not aware, and is not now aware, of any such effort by Blue Cross to influence Thundermist, this request, by definition, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving this objection, and subject thereto, Thundermist, having not generated any responsive documents in the ordinary course of its business, has no responsive documents.

*Request No. 13*

All documents that discuss any estimates or calculations of:

    a)    the number of Your patients who receive care or are examined at Landmark, *or*

    b)    Landmark's revenue or profit attributable to its treatment or examination of Your patients.

*Response*

Objection. This request is overly broad and unduly burdensome. The allegations of the Complaint concern whether Blue Cross discouraged Thundermist from dealing with Steward, or Blue Cross telling Thundermist that doing so might jeopardize Thundermist's opportunities to engage in future profitable business opportunities with Blue Cross and Rhode Island's existing

hospital networks. As Thundermist was not aware, and is not now aware, of any such effort by Blue Cross to influence Thundermist, this request, by definition, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Moreover, such documents are confidential and proprietary to Thundermist's business.

Without waiving this objection, and subject thereto, see the document attached at Tab 13.

THUNDERMIST HEALTH CENTER
By its attorneys,

*/s/ Robert D. Fine*
*/s/ Douglas J. Emanuel*

Robert D. Fine (2447)
Douglas J. Emanuel (5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel.: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: December 18, 2014

11