# EXHIBIT F

February 25. 2015

Mark S. Levinstein, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Re:     *Steward Health Care System, LLC, et al. v. Blue Cross & Blue Shield*
        *of Rhode Island, Inc.*
        *No. 13-405-S*

Dear Mark:

Enclosed please find a CD containing the supplemental production of documents from Thundermist Health Center in response to the subpoena served upon it by Steward Health Care System.

In reviewing this response, please note the following:

•We have printed out almost 1300 pages of emails, into a .pdf entitled "Emails.pdf." Because we printed them, we were able to label them as "Confidential" pursuant to the Court's protective order. The name "Donna Rotondi" appears on the email banner of each of them because Ms. Rotondi is an administrative assistant at Chace Ruttenberg & Freedman, and she had the enviable task of printing them. Ms. Rotondi has no other connection to the documents.

•We were not as easily able to label the attachments to those emails or the other non-email documents enclosed for production. Therefore, on the CD, they have been placed in a folder marked "Confidential." We expect that these documents on the CD will be treated as confidential under the Court's protective order in this case.

•It is evident from our communications over the last month that we have a disagreement as to what Thundermist documentation is relevant to the underlying case, or reasonably calculated to lead to the discovery of admissible evidence. As you know, Thundermist rejects the proposition that BCBSRI had any role in Thundermist's negotiations. But, in an effort to avoid unnecessary motion practice, Thundermist has been overly inclusive in this production of documents, even though it is Thundermist's belief that an overwhelming majority of the produced documents are not germane to your inquiry.

•Documents have been withheld from production on the basis of the attorney-client privilege, but not for any other reason (except as to the two previously-identified documents).

Mark S. Levinstein, Esq.
February 25, 2015
Page -2-

•We have made every effort to ensure that no confidential health care information has been provided.  To the extent it has been, I trust you will recognize the inadvertent nature of the disclosure and contact me about it forthwith.

•We have provided a document created specifically in response to Request No. 11.   As we indicated in our response to the Subpoena, Thundermist does not regularly compile a document that shows this information.  Without waiving any interposed objections, we have asked Thudermist to respond to the request by creating it.

If you have any questions or concerns about the supplemental response, please contact me at 453-6400.

Sincerely,

Robert D. Fine
Enclosures

Cc:     Robert Corrente, Esq.