# EXHIBIT J

LAW OFFICES
## WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

MARK S. LEVINSTEIN
(202) 434-5012
mlevinstein@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 12, 2016

**VIA ELECTRONIC MAIL**

Robert D. Fine, Esquire
Chace, Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, Rhode Island 02903

Re:   **Steward Subpoena to Thundermist Health**

Dear Bob:

    Our recent meet-and-confer call was disappointing. In March 2015, after months of discussion regarding the inadequacy of Thundermist's efforts to collect and produce responsive documents, you represented that Thundermist would collect and search all of Thundermist's files, including the files of all Thundermist personnel and shared files, thereby eliminating the need to assemble a list of document custodians whose files would be searched:

> You have also frequently asked us about Thundermist's "custodians." That term simply does not translate to Thundermist's organizational structure. Mr. Jones's search of electronic documents extends to the entire Thundermist network.

E-mail from Robert D. Fine to Mark Levinstein (March 30, 2015 1:34 p.m.). For more than a year, we have been operating based on that representation. But, because Thundermist has sporadically produced handfuls of documents with no clear pattern or organization, it was—until recently—impossible for Steward to assess what was missing from Thundermist's production. Each time we have identified a specific deficiency, Thundermist has produced a few additional documents, with little or no explanation as to where the new documents came from or how they were identified. Compounding this problem, much of Thundermist's production consists of five or six .pdf files that together comprise thousands of individual e-mails and attachments that appear to have been scanned and compiled, resulting in a complete loss of the metadata necessary to access the adequacy of Thundermist's production.

WILLIAMS & CONNOLLY LLP

Robert D. Fine, Esquire
August 12, 2016
Page 2 of 5

    As we explained during our recent call, we now know that Thundermist's production was incomplete. Pursuant to our document requests to others, we have received many communications to and from Thundermist that Thundermist has not itself produced but which fall into the categories of documents Thundermist agreed to produce. In trying to determine why Thundermist did not produce these documents, it became clear that, at least as far as e-mails are concerned, Thundermist produced very few documents other than communications to and from Chuck Jones. E-mails to and from others at Thundermist were produced only if the e-mail eventually included Chuck Jones at the top of the e-mail thread. It is therefore clear that Mr. Jones' search for documents did not "extend[] to the entire Thundermist network." That statement in your email was false.

    During our recent call, you told us that the reason that the production was limited to Chuck Jones' e-mails may have been that the e-mails and documents of all other Thundermist personnel may have been destroyed or discarded. That was the first time you have made such a bold suggestion about the scope of Thundermist's production, and in any event we do not believe it is true. It is simply implausible that all Thundermist emails other than those of Chuck Jones were discarded or deleted. We asked you to go back and give us a list of Thundermist personnel and tell us whose files from January 1, 2008 to October 30, 2014 (the date of the subpoena) were destroyed and when those files were destroyed. Instead, you asked that we send you a list of the email addresses for Thundermist personnel we are aware of, and you said you would tell us whether their January 1, 2008 to October 30, 2014 e-mails, word documents, Excel spreadsheets, and other documents were destroyed or maintained. First, that is backwards – Thundermist has a list of its employees and represented that it was searching all of their documents. Thundermist needs to go to look for the emails of all Thundermist employees so they can be searched as you represented Thundermist was doing. If and of those emails they were destroyed, we also need you to tell us on what date(s) that destruction occurred for each of these individuals. However, to help you get started, here is a list of other Thundermist personnel with e-mails of whom we are aware:

&lt;jarinez@thundermisthealth.org&gt;
&lt;marinak@thundermisthealth.org&gt;
&lt;michaelpo@thundermisthealth.org&gt;
al ruotolo &lt;albertr@thundermisthealth.org&gt;
andrew tomkiewicz &lt;andrewt@thundermisthealth.org&gt;
beata nelken, md &lt;beatan@thundermisthealth.org&gt;
benilda seballos &lt;benildas@thundermisthealth.org&gt;
charles t. jones &lt;chuckj@thundermisthealth.org&gt;
chuck jones &lt;imceavoicemail-chuck+20jones@thundermisthealth.org&gt;
ckarla silva &lt;ckarlas@thundermisthealth.org&gt;
colleen st.john &lt;colleens@thundermisthealth.org&gt;

WILLIAMS & CONNOLLY LLP

Robert D. Fine, Esquire
August 12, 2016
Page 3 of 5

conline3@thundermisthealth.org
constance henault <constanceh@thundermisthealth.org>
cynthia farrell <cynthiaf@thundermisthealth.org>
cynthia souther <cynthias@thundermisthealth.org>
cynthiam@thundermisthealth.org
danielle plante <daniellep@thundermisthealth.org>
david m bourassa, md <davidb@thundermist.health.associates,.inc.>
david m bourassa, md <davidb@thundermisthealth.org>
deb okruta <debo@thundermisthealth.org>
debra reakes chalko <debrac@thundermisthealth.org>
diane evans <dianee@thundermisthealth.org>
donna needham <donnan@thundermisthealth.org>
edgar pollak, md <edgarp@thundermisthealth.org>
elizabeth fortin <elizabethf@thundermist.health.associates,.inc.>
elizabeth fortin <elizabethf@thundermisthealth.org>
elizabeth lynch <elizabethl@thundermisthealth.org>
ernest balasco <ernieb@thundermisthealth.org>
estelle borucki <estelleb@thundermisthealth.org>
estelle borucki <estelled@thundermisthealth.org>
irene finlay <irenef@thundermisthealth.org>
issandra rodriguez <issandrar@thundermisthealth.org>
javierp@thundermisthealth.org
'jeanne bonin' <jeanneb@thundermisthealth.org>
jeanne lachance <jeannel@thundermisthealth.org>
johns@thundermisthealth.org
karen mazzola <karenm@thundermisthealth.org>
kate frometa <katefr@thundermisthealth.org>
kerry strickland <kerrys@thundermisthealth.org>
lauren nocera <lauren@thundermisthealth.org>
lauren nocera <laurenn@thundermisthealth.org>
linda berman <lindab@thundermisthealth.org>
linda m reilly <lindar@thundermisthealth.org>
luis cruz <luisc@thundermisthealth.org>
madeleine gagne <madeleineg@thundermisthealth.org>
margaret barkan <margaretb@thundermisthealth.org>
maria montanaro <mariam@thundermisthealth.org>
maria montanaro <mmontanaro@thundermisthealth.org>
marisa podbros <marisap@thundermisthealth.org>

WILLIAMS & CONNOLLY LLP

Robert D. Fine, Esquire
August 12, 2016
Page 4 of 5

marlene roberti &lt;marlenero@thundermisthealth.org&gt;
matthew rogalski &lt;matthewr@thundermisthealth.org&gt;
'matthew roman' &lt;matthewro@thundermisthealth.org&gt;
megan mckain &lt;meganm@thundermisthealth.org&gt;
michelle saslow &lt;michelles@thundermisthealth.org&gt;
nancy castro &lt;nancyc@thundermisthealth.org&gt;
nicole quindazzi &lt;nicoleq@thundermisthealth.org&gt;
nicole stoothoff &lt;nicoles@thundermisthealth.org&gt;
pamela manchester &lt;pamelam@thundermist.health.associates,.inc.&gt;
pamela manchester &lt;pamelama@thundermisthealth.org&gt;
peter ameck &lt;petera@thundermisthealth.org&gt;
philip kane &lt;philipk@thundermisthealth.org&gt;
samuel limiadi &lt;saml@thundermisthealth.org&gt;
sandra conover &lt;sandrac@thundermisthealth.org&gt;
shou-ing ma &lt;shou-ingm@thundermisthealth.org&gt;
songmin kosofsky &lt;songmink@thundermisthealth.org&gt;
sonia chawla, md &lt;soniac@thundermisthealth.org&gt;
steven roth &lt;stevenr@thundermist.health.associates,.inc.&gt;
steven roth &lt;stevenr@thundermisthealth.org&gt;
therese s bellerose &lt;terryb@thundermisthealth.org&gt;
visalakshi kunapuli, md &lt;visalakshik@thundermisthealth.org&gt;
xavier arinez &lt;javierp@thundermisthealth.org&gt;
xavier arinez &lt;xavierp@thundermisthealth.org&gt;

      For each of the people associated with these e-mail addresses, we need to know (a) the extent to which their e-mails, .word documents, Excel files, and other files from January 1, 2008 to at least the date of the subpoena, October 30, 2014, still exist or have instead been destroyed or discarded, and (b) if those documents have been destroyed or discarded, when that occurred, and whether any of the destruction or discarding occurred after October 30, 2014.

      We also agreed to provide examples of e-mails produced by Thundermist that are responsive due to a communication between individuals other than Chuck Jones but which were produced only because Chuck Jones eventually appears at the top of the e-mail thread that compromises the produced file. Enclosed, please find examples of such documents. For each example, to the extent we can tell, the thread was produced *only* because Chuck Jones was a sender or recipient of the top e-mail in the thread, and each email chain includes earlier-in-time, responsive emails (which do not include Chuck Jones as a sender or recipient) that were not separately produced.

WILLIAMS & CONNOLLY LLP

Robert D. Fine, Esquire
August 12, 2016
Page 5 of 5

      We are also writing to clarify what Thundermist is going to do about the deficiencies in its production that we have identified. You agreed to produce a log of all the documents that Thundermist has withheld on the basis of privilege. However, there was a lack of clarity on your side during the call about what else Thundermist is going to do to solve the problems with its production. You, Bob, indicated that Thundermist would comply with its obligations and go back, find the e-mails that were not searched, and review those files for responsive documents. However, Don Wineberg, who was also on the call, subsequently seemed to be indicating that Thundermist would refuse to do anything more to search for the documents responsive to the subpoena. Don indicated that he knows very little about litigation and did not even know what a privilege log was, but he seemed to be saying that Thundermist was unwilling to comply with its obligations. It was not clear whether you were deferring to him despite his not having an understanding of Thundermist's obligations under the Federal Rules of Civil Procedure. Please let us know whether Thundermist intends to search for and produce the responsive documents called for by the subpoena or not.

                                                                             Very truly yours,

                                                                             Mark S. Levinstein

MSL:tbs
Attachments