# EXHIBIT M

McCauley, Eileen

**From:** Levinstein, Mark
**Sent:** Thursday, August 25, 2016 9:11 AM
**To:** Robert Fine
**Cc:** Bell, Daniel; Don Wineberg
**Subject:** RE: Steward Subpoena to Thundermist

Bob -

Are you refusing to tell us what emails were retained, what emails were destroyed, and what custodians' files were searched - after you falsely told us that the documents of all custodians were searched?

Mark S. Levinstein
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
202-434-5012
202-434-5029 (fax)
mlevinstein@wc.com

---

From: Robert Fine [rfine@crfllp.com]
Sent: Thursday, August 25, 2016 8:39 AM
To: Levinstein, Mark
Cc: Bell, Daniel; Don Wineberg
Subject: RE: Steward Subpoena to Thundermist

Mark - As we stated, we believe the search was thorough, complete and in compliance with the subpoena. The email search and review captured the entire Thundermist email system and all localities that possibly could have contained responsive documents were also searched.

Bob

-----Original Message-----
From: Levinstein, Mark [mailto:MLevinstein@wc.com]
Sent: Friday, August 19, 2016 2:32 PM
To: Robert Fine <rfine@crfllp.com>
Cc: Bell, Daniel <DBell@wc.com>; Don Wineberg <dwineberg@crfllp.com>
Subject: RE: Steward Subpoena to Thundermist

Bob -

We need answers to the question of whether each of the listed individuals' emails, word documents, Excel documents, and powerpoints still exist and whether they were searched for responsive documents for production.

Mark Levinstein

Sent with Good (www.good.com)

1

From: Robert Fine
Sent: Friday, August 19, 2016 2:03:25 PM
To: Levinstein, Mark
Cc: Bell, Daniel; Don Wineberg
Subject: RE: Steward Subpoena to Thundermist

Mark -
We disagree with your characterization of Thundermist's response to your discovery requests.

We will not respond to your threats of sanctions and accusations of impropriety, other than to deny the accusations. Instead, be advised that we have again confirmed with Thundermist that many of your statements are simply incorrect. Other than as set forth in this email, Thundermist will not otherwise respond to your bill of particulars in your letter of August 12, 2016.

You consistently interpret cooperation and supplemental productions as an admission of failure to produce relevant documents. Rather, it has been our effort to go beyond that which Thundermist considers to be a thorough, reasonable and proportionate response to the inquiries made of it. We have provided you with an exhaustive list of search terms Thundermist utilized and thousands of pages of documents and emails, including many that we think, in fact, go beyond any of the enumerated requests in the subpoena. We have reconfirmed that all available archives have been searched. This necessarily includes your continued references to any "custodians," because it has included a search of the entire Thundermist computer network. No documents archived since the date of the subpoena (or at any time before that date) have been lost, although as spelled out in Chuck Jones's affidavit, not all emails that existed prior to the email conversion on or around February 4, 2013 migrated to a new archive as Thundermist had initially thought.

As to one particular point you raise, we fail to see the justification for production of separate emails within a chain as separate documents, rather than simply producing one email containing all of the previous emails in that chain.

Counsel for Thundermist coordinated the search terms utilized by Thundermist's CEO and in-house paralegal, with additional technical help at Thundermist. Counsel has reviewed each and every one of the thousands of emails gathered by the client at counsel's direction - a review of every document responding to the search terms. That the vast majority of the production is to or from Chuck Jones is to be expected and shows only that he had primary responsibility for negotiating with Steward and dealing with the Landmark Medical Center special mastership, replacing Maria Montanaro (whose available documents have also been produced). You have acknowledged that emails not involving either Mr. Jones or Ms. Montanaro have been produced, negating one of your accusations that the search terms Thundermist used only contained "Jones" or "Montanaro" or that only Mr. Jones's and Ms. Montanaro's files were searched.

We reject your contention that the search for responsive documents did not extend to the entire Thundermist network and we certainly stand by the contents of Chuck Jones's affidavit.

You cited several cases, none of which persuade us that Thundermist has acted other than as required.

We are working on a privilege log, but much of it concerns the Simpson-Rogalski claim and related litigation.

We are confident in the thoroughness of Thundermist's searches and in the reasonableness, completeness and responsiveness of the result. We reiterate our suggestion that the next logical step, should you desire, is to take the deposition of Chuck Jones.

Thank you.

Bob

2

From: Levinstein, Mark [mailto:MLevinstein@wc.com]
Sent: Wednesday, August 17, 2016 6:34 PM
To: Robert Fine <rfine@crfllp.com>
Cc: Bell, Daniel <DBell@wc.com>; Don Wineberg <dwineberg@crfllp.com>
Subject: Steward Subpoena to Thundermist

Bob -

We need a response to last Friday's letter and we need to work together to get a proper production by Thundermist. Attached is a follow-up letter with the citations we agreed to send to you.

Mark S. Levinstein
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
202-434-5012
202-434-5029 (fax)
mlevinstein@wc.com<mailto:MLevinstein@wc.com>

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.