**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC, et al. ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Case No. 1:13-cv-405 |
| ) | **EXPEDITED RELIEF** |
| BLUE CROSS & BLUE SHIELD OF ) | **REQUESTED (LR Cv 9)** |
| RHODE ISLAND, ) | |
| ) | |
| Defendant ) | |
| ) | |

## MOTION TO COMPEL PRODUCTION OF CLAWED-BACK DOCUMENTS

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and the Consent Order

Governing Electronically-Stored Information and the Treatment of Confidential Information (the

"Consent Order," Doc. 42), Defendant Blue Cross & Blue Shield of Rhode Island ("BCBSRI")

moves to compel production of at least thirteen documents that Plaintiff Steward Health Care

System, LLC ("Steward") seeks to claw back under the Consent Order, but which BCBSRI

asserts are not privileged or otherwise protected from discovery.[1]  In addition, BCBSRI moves to

compel the production of the hundreds (if not thousands) of additional non-privileged documents

Steward has withheld from its production on the same grounds as those Steward now attempts to

claw back.

BCBSRI seeks expedited relief on each of these two issues because depositions of the

Steward witnesses impacted by these inappropriately withheld documents are ongoing and

---

[1]     Pursuant to the Consent Order, "[i]f information subject to a claim of attorney-client
privilege or work product protection . . . is inadvertently disclosed or produced by the Producing
Party," the Producing Party may claw back the inadvertently produced document.  Consent
Order at Section VI, ¶ 12(b).  However, "the return of Discovery Material to the inadvertently
Producing Party shall not in any way preclude the Receiving Party from moving the court for a
ruling that the Discovery Material was never privileged."  *Id.* at ¶ 12(d).

proceeding quickly in this matter.  While BCBSRI is trying to move forward with those

depositions in order to comply with the Court's revised scheduling order, Steward's persistent

refusal to produce highly relevant, non-privileged documents has jeopardized BCBSRI's ability

to obtain the discovery required to defend itself from Steward's lawsuit.  For example, as

discussed below, ███████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████ ████████████████ *negotiations that have*

*nothing to do with BCBSRI.*  In other words, Steward continues to use false claims of privilege to

withhold from BCBSRI and the Court the very evidence that disproves Steward's claims that

BCBSRI caused the Landmark purchase to fail.  The Court should order Steward to produce

these documents immediately so that BCBSRI and the Court are not deprived of the evidence

that disproves Steward's claims.

## I.     The Court Should Order Steward To Produce Thirteen Non-Privileged Documents Steward Seeks To Claw Back

The attorney-client privilege "protects only those communications that are confidential

and are made for the purpose of seeking or receiving legal advice."  *In re Keeper of Records*

*(Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 22 (1st Cir. 2003).  Just because

an attorney appears on an email chain does not mean that the email is privileged and immune

from discovery.  *See Wachtel v. Health Net. Inc.,* 482 F.3d 225, 231 (3d Cir. 2007) ("Where a

lawyer provides non-legal business advice, the communication is not privileged."); *Texaco*

*Puerto Rico, Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 884 (1st Cir. 1995) ("The attorney-

client privilege attaches only when the attorney acts in that capacity."); *United States v.*

*ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) (holding that the attorney-

client privilege does not protect attorney's business advice); *Borase v. M/A COM, Inc.*, 171

2

F.R.D. 10, 14 (D. Mass. 1997) (same).  Steward has the burden to establish that the documents it now attempts to claw back are protected by the attorney-client privilege.  *Vicor Corp. v. Vigilant Ins. Co.*, 674 F.3d 1, 17 (1st Cir. 2012).

Both BCBSRI and Steward have clawed back documents pursuant to the Consent Order.  However, it was not until recently that BCBSRI discovered that Steward was using the claw-back provision inappropriately in order to deprive BCBSRI of *non-privileged* documents that are highly relevant to the claims and defenses in this lawsuit.  For example, on October 26, counsel for Steward sent counsel for BCBSRI a letter seeking to claw back seventeen documents pursuant to the Consent Order.  *See* Oct. 26, 2016, letter from J. Weingarten to J. Bernick (Exhibit A).  At least thirteen of those documents are not privileged or otherwise protected from discovery, including the following:  STEWARD00562565, STEWARD00588791, STEWARD00589032, STEWARD00589422, STEWARD00592035, STEWARD00592477, STEWARD00592715, STEWARD00593916, STEWARD00008556, STEWARD00072725, and STEWARD00089188 (the "Steward Documents").  In addition, while none of the documents are privileged, it is noteworthy that eight of those documents are iterations of a single email chain that was originally redacted, meaning that Steward reviewed the document at least *eight times* and nevertheless deliberately chose to produce the document in redacted form.  There is therefore nothing "inadvertent" about Steward's disclosure of these documents that would permit Steward to take advantage of the claw-back provision in the Consent Order.

Consistent with its obligations under the Consent Order, BCBSRI has destroyed its copies of the Steward Documents.  While Rule 26 would permit BCBSRI to attach these documents to this motion under seal for a determination of Steward's privilege claim, Fed. R. Civ. P. 26(b)(5)(B), the Consent Order has modified the default rule such that BCBSRI may not

\\DC - 065430/000004 - 9244476 v1

discuss the specifics of these thirteen documents in this motion, or attach those thirteen

documents to this motion.  Consent Order at Section VI, ¶ 12(b).  Therefore, BCBSRI

respectfully requests that the Court (1) direct Steward to provide the thirteen Steward Documents

to the Court for an *in camera* review with all previously made redactions removed within two

business days; (2) rule that the Steward Documents are not privileged; and (3) order Steward to

immediately produce the Steward Documents.

BCBSRI requests this relief on an expedited basis because BCBSRI intended to use the

Steward Documents at one or more depositions of Steward witnesses that are scheduled for *next*

*week* on November 7, 9, and 10, and thereafter in the last two weeks of November and in

December.  BCBSRI must have the opportunity to test those witnesses' knowledge of the

documents that Steward has inappropriately clawed back.  Although counsel for Steward has

indicated that it merely intends to redact (rather than withhold) certain of the Steward

Documents, it is BCBSRI's position that the documents are neither privileged in whole nor in

part, and therefore there is no reason to wait for Steward's privilege log or redacted versions

before the Court rules on BCBSRI's motion.  Doing so would deprive BCBSRI of the ability to

use the documents at the upcoming depositions.  The need for expedited relief is particularly

acute because Steward has attempted to use the claw-back process to withhold non-privileged

documents from the Court and from BCBSRI that show that Steward's claims are baseless,

discussed below.

II.     **The Court Should Order Steward To Produce All Joseph Maher Communications That Have Been Inappropriately Withheld**

Steward has withheld thousands of documents simply because they involve

communications including Joseph Maher, Steward's General Counsel.  Steward has withheld

these documents regardless of whether Mr. Maher was communicating with Steward employees,

\\DC - 065430/000004 - 9244476 v1

or with numerous other third parties with divergent interests from Steward, such as the Special

Master and Joshua Nemzoff, a consultant employed by the Special Master.[2]  However, the law is

clear that the mere *presence* of an attorney on an email does not somehow immunize the email

from discovery.  Indeed, the attorney client privilege only protects such documents from

disclosure where the lawyer is acting in a legal – rather than business – capacity.  *See, e.g.*,

*Texaco Puerto Rico, Inc.*, 60 F.3d at 884 ("The attorney-client privilege attaches only when the

attorney acts in that capacity."); *Borase*, 171 F.R.D. at 14 (the attorney-client privilege does not

protect attorney's business advice).  This is particularly true with respect to in-house attorneys

such as Mr. Maher, who routinely provide input on *business* issues rather than *legal* issues.

Indeed, the record is clear that Mr. Maher was one of the central figures involved in *business*

decisions regarding the terms of the Landmark purchase and whether to move forward with that

purchase.  Withholding emails merely because Mr. Maher is included on those emails therefore

deprives BCBSRI of the vast bulk of the documents discussing the Landmark deal – documents

of utmost importance to this case.  Steward's assertions of privilege are wrong as a matter of law

and highly prejudicial to BCBSRI.

BCBSRI has worked diligently to segregate the documents in which its own in-house

lawyers have acted in a business (rather than legal) capacity.  In contrast, Steward has used false

claims of privilege to withhold from the Court and BCBSRI documents in which Mr. Maher is

acting in a business capacity.  The fundamental problem is that BCBSRI generally lacks the

---

[2]      This motion does not implicate the related question currently pending before the Court as to whether the common-interest doctrine applies.  *Cf.* BCBSRI's Objections to the Memorandum and Order Denying Its Motion to Compel (Doc. 128); Reply Memorandum of Law in Further Support of its Objections to the Memorandum and Order Denying Its Motion to Compel (Doc. 135).  Rather, the documents subject to this motion are not privileged in the first instance and therefore cannot be withheld under any theory.  *Cavallaro v. United States*, 284 F.3d 236, 250 (1st Cir. 2002) (noting that the common-interest doctrine is not an independent privilege).

\\DC - 065430/000004 - 9244476 v1

6

means to challenge these false claims of privilege because the documents themselves have been

withheld and Steward's privilege log does not describe the documents with sufficient

particularity to enable BCBSRI to determine whether documents truly relate to business rather

than legal issues.  However, on October 25, 2016, Steward attempted to claw back such a

document that ██████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████ █████████████████████████████████

██████████████████████████████████████████

███████████████ ███████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████ █████

█████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████The document simply is not privileged.  Indeed,

Mr. Nemzoff produced a version of the ████████ and subsequently stated that he was not

asserting any privilege as to the documents he produced.

████████████████████████████████████████████████████ the category of

documents that go to the heart of Steward's claims and BCBSRI's defenses in the case.  Like

hundreds – if not thousands – of documents Steward has inappropriately withheld from

discovery in this case, ████████████████████████████████████

███████████████████████████████████ ████████████

█████████████████████████████████████████

██████████████████████████████████

███████████████████████████████ to conceal from

BCBSRI and the Court the *true* reasons why Steward failed to purchase Landmark – the very

evidence in this case that disproves their claims.

BCBSRI informed Steward that it intended to move to compel production of the ████

████ because the document is highly relevant and not privileged.  At the required meet and

confer, counsel for Steward doubled down on its false privilege claim, ████████████

████ was privileged on the same basis as all of the other communications between Mr. Maher

and third-parties that Steward had previously withheld.  *See* Declaration of Justin Bernick

(Exhibit C).  Nevertheless, after several hours passed, counsel for Steward indicated via email

that it would withdraw its demand to claw back the document.  Regardless of the underlying

merits of its privilege claim, Steward has now scrutinized the ████████ extensively and

made the deliberate decision not to assert that the document is privileged.  Because Steward has

appropriately conceded that the attorney-client privilege does not shelter Mr. Maher's

7

communications related to business issues involving the proposed Landmark purchase, the Court

should order Steward to produce all of Mr. Maher's communications that were previously and

inappropriately withheld on this basis within five days.  This is particularly true since counsel for

Steward expressly stated that all such documents were previously withheld on the same basis,

calling into serious question the propriety of *all* of Steward's hundreds (if not thousands) of

privilege determinations with respect to Mr. Maher.[3]  Again, BCBSRI requests expedited relief

because Steward's apparent abuse of the discovery process is negatively impacting BCBSRI's

ability to depose Steward witnesses, including depositions that are scheduled as early as next

week.

### CONCLUSION

For the foregoing reasons, BCBSRI respectfully requests that the Court (1) direct

Steward to provide the thirteen Steward Documents to the Court for an *in camera* review with all

previously made redactions removed within two business days; (2) rule that the Steward

Documents are not privileged; (3) order Steward to immediately produce the Steward

Documents; and (4) produce all Mr. Maher communications that were previously and

inappropriately withheld within five days.  BCBSRI requests expedited relief due to the

deposition schedule of Steward witnesses described above.

---

[3]     Although such documents are not privileged in the first place, Steward's decision to produce the ▮▮▮▮▮▮▮ waived any privilege over Mr. Maher communications related to business issues involving the proposed Landmark purchase.  "[A] waiver resulting from a disclosure of protected information in a federal proceeding extends to undisclosed protected material 'only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.'" *U.S. Airline Pilot Ass'n v. Pension Benefit Guar. Corp.*, 274 F.R.D. 28, 31 (D.D.C. 2011) (quoting Fed. R. Evid. 502(a)).  Steward's disclosure of the ▮▮▮▮▮▮▮ is intentional; the withheld communications all concern the same subject matter (i.e., business issues involving the proposed Landmark purchase); and it would be a fundamental miscarriage of justice to permit Steward to selectively maintain hundreds (if not thousands) of false privilege claims in order to conceal the evidence that disproves Steward's claims from the Court and BCBSRI.

8

<u>RULE 37 CERTIFICATION</u>

I hereby certify that, prior to bringing this Motion to Compel, counsel for BCBSRI conferred in good faith with counsel for Steward in an unsuccessful effort to secure the information without the necessity of court action.

<u>/s/ Patricia K. Rocha</u>

9

DATED:  November 1, 2016

/s/ Patricia K. Rocha
John A. Tarantino (#2586)
Patricia K. Rocha (#2793)
Joseph Avanzato (#4774)
Leslie D. Parker (#8348)
Jamie J. Bachant (#8800)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel:  (401) 274-7200
Fax:  (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
javanzato@apslaw.com
lparker@apslaw.com
jbachant@apslaw.com

N. Thomas Connally, III (*Pro Hac Vice*)
Emily M. Yinger (*Pro Hac Vice*)
Hogan Lovells US LLP
Park Place II, Ninth Floor
7930 Jones Branch Drive
McLean, VA 22102
Tel:  (703) 610-6100
Fax:  (703) 610-6200
tom.connally@hoganlovells.com
emily.yinger@hoganlovells.com

Robert F. Leibenluft (*Pro Hac Vice*)
Justin W. Bernick (*Pro Hac Vice*)
Hogan Lovells US LLP
555 13th Street NW
Washington, DC 20004
Tel:  (202) 637-5600
Fax: (202) 637-5910
robert.leibenluft@hoganlovells.com
justin.bernick@hoganlovells.com

*Attorneys for Blue Cross & Blue Shield of Rhode Island*

\\DC - 065430/000004 - 9244476 v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 1, 2016, I filed the within Blue Cross & Blue Shield of Rhode Island's Motion through the ECF system and that notice will be sent electronically to the below listed counsel who are registered participants identified on the mailing information for Case No. 13-405-S.

Robert C. Corrente, Esq.
Christopher Dawson, Esq.
Joseph Cooper, Esq.
Whelan, Corrente, Flanders, Kinder & Siket LLP
100 Westminster St., #710
Providence, RI 02903
rcorrente@wckslaw.com
cdawson@wckslaw.com
jcooper@wckslaw.com


Brendan V. Sullivan, Jr., Esq.
Steven R. Kuney, Esq.
Kevin Hardy, Esq.
Mark S. Levinstein, Esq.
James Weingarten, Esq.
Daniel W. Bell, Esq.
Matthew P. Mooney, Esq.
Frank Lane Heard, III, Esq.
Williams & Connolly LLP
725 12th Street, N.W.
Washington, DC 20005
bsullivan@wc.com
skuney@wc.com
khardy@wc.com
mlevinstein@wc.com
jweingarten@wc.com
dbell@wc.com
lheard@wc.com
mmooney@wc.com


                                        /s/ Patricia K. Rocha

11

\\DC - 065430/000004 - 9244476 v1