UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STEWARD HEALTH CARE SYSTEM LLC, et al.,

    Plaintiffs,

v.

BLUE CROSS & BLUE SHIELD OF RHODE ISLAND,

    Defendant.

Case No. 13-405S

Honorable William E. Smith
Magistrate Judge Lincoln Almond

## PLAINTIFFS' OPPOSITION TO DEFENDANT BLUE CROSS & BLUE SHIELD OF RHODE ISLAND'S MOTION TO COMPEL PRODUCTION OF CLAWED-BACK DOCUMENTS

Blue Cross has moved to compel the production of recently clawed-back documents on the grounds that they are not privileged. The privilege claims as to these documents are sound. Moreover, the Motion is premature, as Blue Cross filed it before Steward had served either a privilege log for those documents or the redacted versions of the documents that would clarify the portions as to which no privilege claim was being asserted. Second, Blue Cross' waiver argument appears to directly contradict the terms of the Consent Order that governs the handling of clawed-back documents. Third, the bulk of the argument in the Motion to Compel features documents as to which Steward does *not* claim privilege. The Motion leaps from the fact that Steward did *not* claim privilege for certain documents to the assertion that Steward must have improperly claimed the privilege as to "hundreds (if not thousands)" of other communications with Steward's General Counsel, which communications are for the most part not even implicated in Steward's recent claw backs. As the production of more than a thousand documents bearing communications to and from Steward's General Counsel makes obvious,

Steward's privilege claims are not premised on the mere appearance of his name on a document, but rather on the nature and substance of the communication.

## BACKGROUND

During the deposition of former Steward employee James Renna on October 25, Blue Cross introduced a document that Steward's counsel believed may have been privileged and inadvertently produced.[1]  Steward's counsel advised Blue Cross's counsel of his concerns, but did not claw back the document, and did not stop Blue Cross from questioning Mr. Renna using the document.  Steward later issued a claw back notice as to the document, counsel for the parties met and conferred telephonically on October 27, and Steward then withdrew its claw back that same day: "We do not believe the parties should bother the Court and waste judicial resources and the resources of the parties with motion practice over a single inconsequential document, so on that basis we withdraw the clawback demand . . . ."  Ex. A (Email from M. Levinstein to J. Bernick & J. Avanzato (Oct. 27, 2016)).  Thus, there is no claim of privilege as to the document, it remains in Blue Cross's possession, and the testimony about it is part of the record of this case.[2]

On October 26, Steward notified Blue Cross that it was clawing back seventeen documents that had been inadvertently produced.  *See* Motion to Compel at Ex. A.  On October 31, Blue Cross informed Steward that it intended to move to compel production of thirteen of the

---

[1] A copy of the document is attached as Exhibit B to Blue Cross's Motion to Compel.

[2] That testimony includes the assertion by another Steward employee, never acknowledged by Blue Cross in its motion, that the reference to "time to walk" is likely a reference to walking away, at least temporarily, from the negotiations with 21st Century Oncology, and not from the effort to acquire Landmark.  Deposition of Robert Guyon, Vol. II, at 86:15-87:17.  There is surely a disputed factual issue here about what caused Steward's acquisition of Landmark to fail, and that factual dispute will remain for trial no matter how many times Blue Cross argues in various motions that its reading of some document "disproves" the causation element of Plaintiffs' case.

seventeen documents. Counsel conferred again on November 1, and Steward agreed to withdraw its notice for two of the documents. Steward said that it would produce a privilege log for the remaining eleven documents as well as newly redacted versions of a majority of the documents that remained at issue.[3] Pursuant to the Court's Order, Steward has submitted the documents for *in camera* review and highlighted for the Court its intended redactions. Given Blue Cross's concerns that it needs the documents for upcoming depositions, Steward also will be reproducing to Blue Cross today new versions of those documents with Steward's intended redactions.

Thus, of the thirteen documents that Blue Cross set out that it wished to challenge, Steward withdrew its claw-back for two and intends to produce redacted copies of ten others, leaving only one document that Steward is withholding entirely.

## ARGUMENT

**I.  BLUE CROSS'S MOTION WAS UNRIPE WHEN FILED AND APPEARS TO REST SOLELY ON AN IMPERMISSIBLE REVIEW OF THE DOCUMENTS AFTER STEWARD SERVED ITS CLAW BACK NOTICE.**

Blue Cross has moved to compel production of eleven documents that Steward clawed back before Steward produced a privilege log for those documents. Without a privilege log, and with the Protective Order barring it from relying upon its review of the substance of the now clawed back documents in making this Motion, Blue Cross has no basis to evaluate and challenge Steward's claims of privilege. And absent redacted versions of the documents, indeed it does not even know whether the parts of the documents that it finds pertinent are implicated by Steward's privilege claims. In fact, as Steward's *in camera* submission demonstrates, eight of

---

[3] Steward has not yet served a privilege log for the remaining clawed back documents and has until November 15, 2016 to do so. *See* ECF 42 at p. 13 (ten days to produce log after the Receiving Party certifies destruction of the clawed back documents). Steward intends to serve a privilege log within the time allotted in the Consent Order. In the interim, Steward respectfully refers the Court to the bases for its claw backs set forth in Part IV, *infra*.

the documents are versions of the same email chain as to which Steward intends to redact a single additional sentence.

As a general matter of privilege law, Blue Cross's Motion to Compel was not ripe when filed. Courts routinely hold that challenges to privilege claims made before a privilege log has been served are not ripe for adjudication and should be dismissed. *See, e.g.*, *In re Allergan, Inc. Sec. Litig.*, No. 14-CV-02004-DOC (KES), 2016 WL 5929250, at *5 (C.D. Cal. Oct. 5, 2016) (issue of propriety of privilege assertion not ripe before production of log detailing documents and basis for privilege claim); *Carver v. Nassau Cty. Interim Fin. Auth.*, No. CV 11-1614 LDW GRB, 2012 WL 12266891, at *1 (E.D.N.Y. Aug. 9, 2012) ("[T]his Court ruled that, due to the absence of a detailed privilege log, plaintiffs' motion was not ripe for determination."); *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 121–22 (D. Nev. 1993) (holding that disputes regarding the assertion of privilege were not ripe until production of a privilege log and declining to rule on a motion to compel allegedly privileged documents until such a privilege log had been produced).

The privilege log is a particularly essential element here because the Protective Order prohibits the use of the content of a clawed back document to challenge its privileged status. ECF No. 42 ¶ 12.d.; *see also id.* ¶ 12.e. (prohibiting "use of such information for any purpose until further order of the Court"). According to Blue Cross, "There is no need to wait for Steward's privilege log or any redactions to file our motion. In Blue Cross's view, the listed documents are not privileged, in whole or in part." Ex. B (Email from J. Bernick to J. Weingarten (Nov. 1, 2016)) at 1. When Steward asked again how Blue Cross could challenge documents without violating the prohibition on framing a challenge based on the substance of the clawed back documents, Blue Cross responded with the same conclusory assertion: "The basis

for BCBSRI's position is simple – the documents are not privileged." *Id*. The Motion to Compel merely repeats this mantra. *See, e.g.*, Motion to Compel at 3 ("At least thirteen of those documents are not privileged or otherwise protected from discovery . . . ."); *id*. ("none of the documents are [sic] privileged"); *id*. at 4 ("[I]t is BCBSRI's position that the documents are neither privileged in whole nor in part, and therefore there is no reason to wait for Steward's privilege log or redacted versions before the Court rules on BCBSRI's motion."). Blue Cross's position, in the absence of the log or the redacted versions of these documents, amounts to little more than "we have determined that the documents are not privileged by looking at them."

The problem is only compounded by Blue Cross's rush to file before reviewing redacted versions of the documents at issue, to better understand the portions as to which Steward makes no claim of privilege. As discussed in Part IV, *infra*, Steward's claw back aims to withhold only one of the documents in full and to make relatively minor redactions to the other ten documents at issue. Yet Blue Cross felt no need to evaluate, before invoking the Court's process on an expedited basis, whether those redactions have any impact on the portion of the documents that it believes is potentially significant. Indeed, eight of the documents at issue are versions of the same email chain, as to which Steward is adding a redaction of a single sentence. Steward has reproduced the documents to Blue Cross with the new redactions so that Blue Cross has them in advance of next week's depositions.

## II.   BLUE CROSS'S CLAIM OF WAIVER LIKEWISE IGNORES THE EXPRESS TERMS OF THE CONSENT ORDER ENTERED IN THIS CASE.

Blue Cross asserts that it is "noteworthy" that eight of the newly clawed back documents "are iterations of a single email chain that was originally redacted, meaning that Steward reviewed the document at least *eight times* and nevertheless deliberately chose to produce the document in redacted form." Motion to Compel at 3. Blue Cross argues that this means that

5

Steward's production of the document was not "inadvertent" and, therefore, Steward is not "permit[ted] to take advantage of the claw-back provision in the Consent Order." *Id.*

Blue Cross's assertion that Steward's production of these eight documents constitutes a waiver is squarely inconsistent with the Consent Order, which states:

> No Receiving Party will assert that the fact that it has been permitted to review or receive inadvertently disclosed information constitutes a waiver of any right, privilege or other protection that the Producing Party had or may have had.  In thereafter seeking the production of the inadvertently disclosed information, ***the Receiving Party shall not assert waiver or estoppel*** as a ground for such production.
>
> ECF 42 ¶ 12.d (emphasis added).

This is precisely what Blue Cross has done.

Even putting aside Blue Cross's apparent failure to heed the terms of the Consent Order, Blue Cross is mistaken that Steward's production of both redacted and unredacted versions of an email constitutes a waiver.  A privileged document can be produced inadvertently, not solely when a single reviewer overlooks the privileged nature of a communication, but also when different reviewers consider different versions of the same email and code it inconsistently.  It is precisely because there can be errors of both oversight and inconsistency when producing tens of thousands of documents in short order that the parties agreed to a Consent Order that permits claw back of privileged communications produced by inadvertence.

### III. BLUE CROSS'S REQUEST TO COMPEL PRODUCTION OF ALL EMAILS WITH STEWARD'S GENERAL COUNSEL IS MERITLESS.

Blue Cross asserts that Steward has "withheld thousands of documents simply because they involve communications including Joseph Maher, Steward's General Counsel." Motion to Compel at 4.  That is incorrect.  Steward has not justified any claim of privilege on the basis that

its General Counsel was merely included in a communication, nor that the mere presence of any attorney on an email renders the communication privileged.

Steward has produced in full approximately 1,000 email chains in which Mr. Maher appears in the top email as either sender or recipient. Steward has produced thousands more emails that involve messages to and from Mr. Maher and other Steward attorneys that are not at the top of an email thread (including the Renna exhibit that Blue Cross discusses at such length). To the extent Mr. Maher or any other attorney was a participant in business discussions that did not entail requesting or providing legal advice, Steward has not claimed that any privilege applies.[4]

The crux of Blue Cross's argument is that, because counsel for Steward expressed concern that a document marked as an exhibit by Blue Cross at the deposition of Mr. Renna might be privileged, but then later determined it was not, Steward must be abusing the privilege. *See* Motion to Compel at 5–6. Blue Cross expends several pages explaining the back-and-forth with Steward regarding the document, but the conclusion of Blue Cross's tale is that the meet-and-confer process accomplished what is hoped for from such discussion—the parties narrowed their dispute. *See* Motion to Compel at 7 ("[C]ounsel for Steward indicated via email that it would withdraw its demand to claw back the document."). The fact that Steward ultimately concluded that it should not claim privilege as to the document is further evidence, along with the thousands of documents that include comments by its General Counsel and other attorneys,

---

[4] Blue Cross's attempt to link this argument to Steward's withholding of communications with the Landmark Special Master and his agents on the grounds that the common-interest doctrine applies fails on its face. Motion to Compel at 3–4. Magistrate Judge Almond affirmed Steward's application of the common-interest doctrine. ECF 126. Blue Cross's objections to Magistrate Judge Almond's Order are pending before the Court, but even Blue Cross admits that its new Motion to Compel "does not implicate related questions pending before the Court as to whether the common-interest doctrine applies." Motion to Compel at 4 n.2.

that Steward in fact acted with due care in asserting its privileges.[5]  Since the dog did not bite, Blue Cross is left with a hollow complaint about its muffled bark.

### IV.  THE INFORMATION STEWARD CLAWED BACK IS PRIVILEGED.

As Steward informed Blue Cross, it intends to reproduce a majority of the clawed back documents with redactions.  Given Blue Cross's concerns about upcoming depositions, Steward intends to make that production today.  Pursuant to the Court's November 3, 2016 Order, Steward submitted unredacted copies of the thirteen clawed back documents to the Court for *in camera* review.  Of these, eleven remain at issue, and Steward intends to reproduce ten of them with relatively minor redactions as indicated on the copies submitted for *in camera* review.[6]  These targeted redactions hardly justify the charge that critical information is being withheld, an allegation that Blue Cross made before it could possibly determine whether Steward's limited redactions impact in any way the information in the documents about which Blue Cross cares.  In any event, Steward properly invoked its right to claw back privileged information:

STEWARD00008556:  The document contains a privileged communication among Steward's in-house and outside counsel, Steward and Landmark executives, and the Special Master for Landmark.  The communication was sent during the time period that an Asset Purchase Agreement between Steward and the Special Master was in effect.  The communication includes a Steward executive's proposed list of information to be submitted in response to a request by the State of Rhode Island regarding the Change in Effective Control application for

---

[5] Steward's production of non-privileged documents involving its General Counsel is most certainly not evidence that it "waived any privilege over Mr. Maher [sic] communications related to business issues involving the proposed Landmark purchase." Motion to Compel at 8 n.3. The production of non-privileged documents cannot constitute a "waiver" of privilege.

[6] Before Blue Cross filed its Motion to Compel, Steward withdrew its claw back notice as to STEWARD00076842 and STEWARD00076872.

Landmark. The Steward executive specifically requests that Steward's outside counsel (Jeffrey Chase-Lubitz) and the Special Master review, edit, and amend his proposals. Steward intends to reproduce this document with redactions to protect privileged information. Steward does not intend to redact the contents of the communication relating solely to business issues and which do not constitute requests for legal advice.

STEWARD00072725: The document includes a communication from a Steward executive to other Steward senior executives and Steward's General Counsel. Steward clawed back the document and intends to redact a privileged portion of the communication updating counsel about the status of a non-disclosure agreement and other information.

STEWARD00089188: The document is privileged in its entirety because it consists of a privileged communication from the Special Master to Steward and Landmark executives and the Special Master's consultant seeking factual input for use in developing a potential legal claim against a third party. The Special Master expressly states that the information will be used in a legal pleading. The communication was sent during the time period that an Asset Purchase Agreement between Steward and the Special Master was in effect.

STEWARD00562565, STEWARD00588791, STEWARD00589032, STEWARD00589422, STEWARD00592035, STEWARD00592477, STEWARD00592715, STEWARD00593916: Each of the documents includes the same email communication among Steward executives that includes privileged information. Steward originally produced this document with a redaction of information summarizing communications with counsel that Blue Cross did not challenge. Steward clawed back the document to redact a single sentence in the email communication that summarizes a provision of a Blue Cross proposal and indicates "Legal to review" that provision. The redacted information constitutes a discussion among Steward

9

personnel that is part of formulating a request for legal advice, and the information was forwarded to Steward's General Counsel.

* * *

In sum, the clawed back documents contain privileged information that Steward was entitled to claw back. For most of the documents, Steward merely intends to add a minor redaction of privileged information and then reproduce the documents. If Blue Cross had waited for Steward to serve a privilege log and redacted versions of the documents, then this dispute could have been sharpened and most (if not all) of the judicial and party resources devoted to this dispute could have been saved.

## CONCLUSION

For the foregoing reasons, Blue Cross's Motion to Compel should be denied with prejudice.

Dated: November 4, 2016

Respectfully submitted,

/s/ Robert Clark Corrente
/s/ Christopher N. Dawson
Robert Clark Corrente (RI Bar No. 2632)
Christopher N. Dawson (RI Bar No. 8508)
WHELAN, CORRENTE, FLANDERS, KINDER &
SIKET LLP
100 Westminster Street, Suite 710
Providence, RI 02903
Tel: (401) 270-4500
Fax: (401) 270-3760
rcorrente@whelancorrente.com
cdawson@wehelancorrente.com

/s/ Steven R. Kuney
Brendan V. Sullivan, Jr. (RI Bar No. 0789)
Steven R. Kuney (*pro hac vice*)
Mark S. Levinstein (*pro hac vice*)
Kevin Hardy (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, DC  20005
Tel: (202) 434-5000
Fax: (202) 434-5029
bsullivan@wc.com
skuney@wc.com
mlevinstein@wc.com
khardy@wc.com

*Attorneys for Steward Health Care System LLC; Blackstone Medical Center, Inc., f/k/a Steward Medical Holding Subsidiary Four, Inc.; and Blackstone Rehabilitation Hospital, Inc., f/k/a Steward Medical Holding Subsidiary Four Rehab, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2016, Plaintiffs' Opposition to Blue Cross & Blue Shield of Rhode Island's Motion to Compel Production of Clawed-Back Documents was filed through the Court's ECF system, which will send notice to all counsel of record.

/s/ Christopher N. Dawson

22581.DOCX