UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                   )
STEWARD HEALTH CARE SYSTEM LLC,    )
et al.,                            )
                                   )
         Plaintiffs,               )
                                   )
    v.                             )   C.A. No. 13-405 S
                                   )
BLUE CROSS & BLUE SHIELD OF        )
RHODE ISLAND,                      )
                                   )
         Defendant.                )
_____)

### ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant's appeal from Magistrate Judge Lincoln D. Almond's August 4th, 2016 Memorandum and Order denying Defendant Blue Cross & Blue Shield of Rhode Island's ("BCBSRI") motion to compel the production of documents from Plaintiff Steward Health Care System LLC ("Steward"). (ECF No. 128.)  BCBSRI had sought to compel Steward to produce all of the written communications that Steward withheld on the basis of the common interest doctrine. (Mot. to Compel Produc. from Pl. 1, ECF No. 111.)  These written communications (approximately 3,000 of them) were between Steward and Landmark Medical Center's ("Landmark") Special Master, the Special Master's consultant, and Landmark employees (collectively, the "Special Master Parties"). (Mem. of Law in Supp. of Obj. to Mem. and Order

("Obj.") 1-2, ECF No. 128.)  Magistrate Judge Almond concluded that Steward and the Special Master Parties shared "a common legal interest in the operation of Landmark and the consummation of the acquisition during the periods when the [Asset Purchase Agreements] were in place." (Mem. and Order 2-3, ECF No. 126.) Magistrate Judge Almond also concluded that an agreement that enabled Steward to participate in the daily management of Landmark during the acquisition process "reflect[ed] an interrelationship and commonality of interest well beyond just being parties to a pending acquisition." (Id. at 3.)

BCBSRI contends that Magistrate Judge Almond's conclusions were clearly wrong because the common interest doctrine cannot serve as a shield against the production of these written communications. (Obj. 9, 11, ECF No. 128.)  BCBSRI asserts that, because Steward has not yet produced any communications that reveal its reasons for withdrawing from the acquisition of Landmark, the withheld communications must contain the true reasons for Steward's withdrawal. (Id. at 2.)  The Court is sympathetic to BCBSRI's frustration, but its role in this appeal is circumscribed by 28 U.S.C. § 636.

A district judge may only reconsider a magistrate judge's pretrial ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a).  The Court "must accept both the [magistrate judge's] findings of

2

fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, [it] 'form[s] a strong, unyielding belief that a mistake has been made.'" Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999) (quoting Cumpiano v. Banco Santander P.R., 902 F.2d 148, 152 (1st Cir. 1990)).

"The common-interest doctrine . . . is 'not an independent basis for privilege, but an exception to the general rule that the attorney-client privilege is waived when privileged information is disclosed to a third party.'" Cavallaro v. United States, 284 F.3d 236, 250 (1st Cir. 2002) (quoting E.S. Epstein, The Attorney-Client Privilege and the Work-Product Doctrine 196 (4th ed. 2001)). "The common-interest doctrine prevents clients from waiving the attorney-client privilege when attorney-client communications are shared with a third person who has a common legal interest with respect to these communications . . . ." Id. "The common-interest doctrine is typically understood to apply '[w]hen two or more clients consult or retain an attorney on particular matters of common interest'" or when a client or client's lawyer communicates with another lawyer representing a different party in a matter of common interest. Id. at 249-50 (quoting 3 Weinstein's Federal Evidence § 503.21[1], [2] (J.M. McLaughlin, ed., 2d ed. 2002)).

After carefully considering the record in this case, there is simply no basis for the Court to conclude that Magistrate

3

Judge Almond clearly erred when he concluded that Steward and the Special Master Parties shared a common legal interest at the time that the written communications that BCBSRI seeks to compel were exchanged.  The Court acknowledges the "pivotal role that magistrate judges play in overseeing the conduct of the sort of complex pretrial discovery typified by this case," Ferring Pharm. Inc. v. Braintree Labs., Inc., 168 F. Supp. 3d 355, 358 (D. Mass. 2016) (quoting Gargiulo v. Baystate Health Inc., 279 F.R.D. 62, 64 (D. Mass. 2012)), so it may not second-guess the magistrate judge's pre-trial discovery rulings because a different conclusion could have been drawn. See Harvard Pilgrim Health Care of New England v. Thompson, 318 F. Supp. 2d 1, 6 (D.R.I. 2004).

The Court therefore DISMISSES BCBSRI's Appeal from Magistrate Judge Almond's Memorandum and Order denying BCBSRI's Motion to Compel the production of documents from Steward. (ECF No. 128.)

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: January 10, 2017