## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

STEWARD HEALTH CARE
SYSTEM LLC, *et al.*,

Plaintiffs,

v.

BLUE CROSS & BLUE SHIELD
OF RHODE ISLAND,

Defendant.

Case No. 1:13-cv-405

Honorable William E. Smith
Magistrate Judge Lincoln Almond

## BLUE CROSS & BLUE SHIELD OF RHODE ISLAND'S
## MOTION TO EXCLUDE
## CERTAIN EXPERT TESTIMONY OF LEEMORE DAFNY

Pursuant to LR Cv 39.3 of the Local Rules for the United States District Court for the

District of Rhode Island, Defendant Blue Cross & Blue Shield of Rhode Island ("Blue Cross")

moves this Court to exclude the testimony of Leemore Dafny that Blue Cross sacrificed profits to

exclude Steward from Rhode Island, as described in Parts VII.B.2-3 of her Expert Report. The

grounds for Blue Cross' motion are set forth in the accompanying Memorandum of Law.

DATED: November 1, 2017

/s/ Patricia K. Rocha
John A. Tarantino (#2586)
Patricia K. Rocha (#2793)
Joseph Avanzato (#4774)
Leslie D. Parker (#8348)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607

jtarantino@apslaw.com
procha@apslaw.com
javanzato@apslaw.com
lparker@apslaw.com

N. Thomas Connally, III (*Pro Hac Vice*)
Emily M. Yinger (*Pro Hac Vice*)
Hogan Lovells US LLP
Park Place II, Ninth Floor
7930 Jones Branch Drive
McLean, VA 22102
Tel: (703) 610-6100
Fax: (703) 610-6200
tom.connally@hoganlovells.com
emily.yinger@hoganlovells.com

Robert F. Leibenluft (*Pro Hac Vice*)
William L. Monts III (*Pro Hac Vice*)
Justin W. Bernick (*Pro Hac Vice*)
Hogan Lovells US LLP
555 13th Street NW
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
robert.leibenluft@hoganlovells.com
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

*Attorneys for Blue Cross & Blue Shield of
Rhode Island*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 1, 2017, I filed the foregoing Motion through the ECF system and that notice will be sent electronically to the below listed counsel who are registered participants identified on the mailing information for Case No. 13-405-S.

Robert C. Corrente, Esq.
Christopher Dawson, Esq.
Joseph Cooper, Esq.
Whelan, Corrente, Flanders,
Kinder & Siket LLP
100 Westminster St., #710
Providence, RI 02903
rcorrente@wckslaw.com
cdawson@wckslaw.com
jcooper@wckslaw.com

Brendan V. Sullivan, Jr., Esq.
Steven R. Kuney, Esq.
Kevin Hardy, Esq.
Mark S. Levinstein, Esq.
Daniel W. Bell, Esq.
Matthew P. Mooney, Esq.
Frank Lane Heard, III, Esq.
Colette Connor, Esq.
Williams & Connolly LLP
725 12th Street, N.W.
Washington, DC 20005
bsullivan@wc.com
skuney@wc.com
khardy@wc.com
mlevinstein@wc.com
dbell@wc.com
mmooney@wc.com
lheard@wc.com
cconnor@wc.com

<u>/s/ Patricia K. Rocha</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:13-cv-405 |
| BLUE CROSS & BLUE SHIELD OF RHODE ISLAND, | Honorable William E. Smith<br>Magistrate Judge Lincoln Almond |
| Defendant. | |

**BLUE CROSS & BLUE SHIELD OF RHODE ISLAND'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO EXCLUDE**
**CERTAIN EXPERT TESTIMONY OF LEEMORE DAFNY**

A refusal-to-deal plaintiff must show, among other essential elements, that the defendant "elect[ed] to forego short-term profits for the sake of eliminating competition." *Steward Health Care Sys., LLC v. Blue Cross & Blue Shield of R.I.*, 997 F. Supp. 2d 142, 152 (D.R.I. 2014). To support this essential element of its monopolization claims, Steward proffers expert opinion testimony from Professor Leemore Dafny that is based on a premise that (as Professor Dafny concedes) the record flatly contradicts. ███████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████ Revised Expert Report of Leemore Dafny ("Dafny Report") (Doc. 158-34, Ex. 29 to SOUF) ¶¶ 351-70. ███████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████



*Id.* at ¶ 354.

Doc. 183-2, Ex. 70 to SDF.

Under Rule 702, expert testimony "should not be admitted if it does not apply to the specific facts of the case." *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1056 (8th Cir. 2000). The record here provides no support for—and indeed, affirmatively contradicts—the assumption underlying Professor Dafny's analysis: ████████████████████████████ ████████████████████ As the Supreme Court has recognized in a related context, "[e]xpert testimony is useful as a guide to interpreting market facts, but it is not a substitute for them," and an expert cannot hold sway "when indisputable record facts contradict or otherwise render the opinion unreasonable." *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993).

2

For the reasons set forth below, the Court should exclude under Federal Rule of Evidence 702 the testimony of Professor Dafny ███████████████████████████████ ███████████ as described in Parts VII.B.2-3 of her Report.

## **LEGAL STANDARD**

Under Federal Rule of Evidence 702, a district court "act[s] as [a] gatekeeper[], ensuring that an expert's proffered testimony both rests on a reliable foundation and is relevant to the task at hand." *Samaan v. St. Joseph's Hosp.*, 670 F.3d 21, 31 (1st Cir. 2012) (quotation marks and citation omitted). "These two requirements—a reliable foundation and an adequate fit—are separate and distinct." *Id.* "The reliable foundation requirement necessitates an inquiry into the methodology and the basis for an expert's opinion." *Id.* When, as here, a party challenges the "fit" between the expert's methodology and the record evidence, the court must "address[] the problem that arises when an expert's methods, though impeccable, yield results that bear a dubious relationship to the questions on which he proposes to opine." *Id.* at 32 (citation omitted).

To measure "*Daubert* fit," the court's "gatekeeping inquiry must be tied to the facts of a particular case." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) (internal quotation marks omitted) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993)). "Trained experts commonly extrapolate from existing data. But nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). "A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Id.* (citation omitted). "As the gatekeeper, the trial judge has the duty to insulate the jury from expert testimony when reliance on authoritative studies and methods threatens to mask the lack of an adequate fit." *Samaan*, 670 F.3d at 35.

## **ARGUMENT**

Under Rule 702, an expert witness cannot offer an opinion that has no basis in the facts of the case. ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████ Deposition of Leemore Dafny ("Dafny Dep.") (May 16, 2017) (Ex. 1 hereto) at 130-32, 134-35, 160. ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████

████████████████████████████████████

████████████████████████████ SOUF (Doc. 158-5) ¶ 122; SDF (Doc. 174-1) ¶ 122 (Prime terms undisputed). ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████

██████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████  ███████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████

████████████████████████████████████████████████████  has  no

support in—and is affirmatively contradicted by—the record evidence. The case law shows that



such testimony is inadmissible. *Concord Boat*, 207 F.3d at 1057 (expert testimony "should not have been admitted because it did not incorporate all aspects of the economic reality of the . . . market"); *Elcock v. Kmart Corp.*, 233 F.3d 734, 756 (3d Cir. 2000) (district court abused its discretion by admitting expert testimony that "relied on several empirical assumptions that were not supported by the record"); *In re Pool Prods. Dist. Mkt. Antitrust Litig.*, 166 F. Supp. 3d 654, 673-75 (E.D. La. 2016) (excluding expert testimony based on assumptions that the record did not support).[3]

The Eighth Circuit's decision in *Concord Boat* is instructive. 207 F.3d 1039. A group of boat builders sued Brunswick Corporation, a stern-drive engine manufacturer. Among other things, the plaintiffs alleged that Brunswick's discount program was an illegal exclusive-dealing arrangement. The jury found for the plaintiffs, and the district court denied Brunswick's motion for judgment as a matter of law. *Id.* at 1043-44. Brunswick appealed, and the Eighth Circuit reversed. The court held that the district court erroneously admitted expert-witness testimony from the plaintiffs' economist that "did not incorporate all aspects of the economic reality of the stern drive engine market." *Id.* at 1057. For example, the economist testified that Brunswick's discount program "imposed a tax on boat builders who chose to purchase engines from other manufacturers," even though the evidence showed that "some boat builders chose to purchase 100% of their engines from Brunswick when they only needed to purchase 80% to qualify for the

---

[3]     *See also, e.g.*, *Moore v. Int'l Paint, LLC*, 547 F. App'x 513, 516 (5th Cir. 2013) (per curiam) (affirming exclusion of expert-witness testimony when "the universe of facts assumed by the expert differs frequently and substantially from the undisputed record evidence"); *Johnson Elec. N. Am. v. Mabuchi Motor Am.*, 103 F. Supp. 2d 268, 283-84 (S.D.N.Y. 2000) (excluding defendant's expert testimony based on assumption that plaintiff's customers made sales in the United States when record did not show whether any such sales were made); *cf. In re Live Concert Antitrust Litig.*, 863 F. Supp. 2d 966, 988-89 (C.D. Cal. 2012) (excluding expert testimony when expert "fail[ed] to analyze, in a meaningful way" the possibility of alternative outcomes that could have affected the analysis).

maximum discount." *Id.* at 1056. The record also showed that Brunswick "had achieved a 75% [market] share in the mid 1980s, *before* it started the market share discounts," but the economist constructed a hypothetical market in which he "assessed an overcharge on each engine sold at any point where Brunswick possessed over the 50% market share he deemed permissible." *Id.* (emphasis in original). This approach, the appellate court reasoned, did not reflect market realities because it "was not affected by the *actual price* at which Brunswick's engines were sold." *Id.* (emphasis added).

The district court's decision in *In re Pool Products* takes the same approach. The plaintiffs were direct and indirect purchasers of the defendants' pool-equipment products. 166 F.3d at 660. They sought to introduce expert witness testimony from an economist about the relevant geographic market. The expert opined that the geographic market encompassed the entire United States based on the results of a "spatial integration" analysis. The court excluded this testimony "as unconnected to the facts of the case," *id.* at 673, and "without support in the record," *id.* at 675. The theory assumed that the defendants engaged in "spatial arbitrage" by shipping products from one branch to another. But there was no actual evidence to support this theory. Instead, the expert relied on documents that discussed the need to increase margins and transfer products but that did "not demonstrate that spatial arbitrage *actually occurred*." *Id.* at 674 (emphasis added).

Cases outside of the antitrust context also apply the rule that expert-witness testimony contrary to the record evidence is inadmissible. In *Elcock v. Kmart Corp.*, for example, the Third Circuit held that the district court abused its discretion by admitting testimony from the plaintiff's expert witness that had no basis in the record. The plaintiff had suffered injuries from a slip-and-fall accident. Although the record showed that she was "either 50 to 60 or 50 to 75

percent disabled," the expert calculated her damages by assuming that she was "100 percent disabled." *Elcock*, 233 F.3d at 755. And although the record also showed that the plaintiff's pre-injury earnings "were relatively meager," the expert assumed an hourly wage that would have resulted in "more than twice her pre-injury earnings." *Id.* The district court should have excluded this testimony, the appellate court reasoned, because the expert "[i]gnored 'the real world of' [the plaintiff]" by making assumptions about what *could* have happened rather than by conducting an analysis that was "rooted in the record." *Id.* at 756 & n.13; *cf. Quinones-Pacheco v. Am. Airlines, Inc.*, 979 F.2d 1, 7 (1st Cir. 1992) (pre-*Daubert*, affirming exclusion of expert-witness testimony when expert calculated damages by assuming "that [the plaintiff's] injuries were permanent and that his disability was total" even though "[t]he record [was] utterly barren of any [such] evidence").

Professor Dafny's analysis is similar to the type of expert testimony that the case law prohibits. Like the expert in *Concord Boat*, 

not "grounded in the economic reality of the . . . market, for it ignore[s] inconvenient evidence,"

*See* 207 F.3d at 1056. And like the expert in *Elcock*, Professor Dafny disregards "the real world" (and what actually happened) for a hypothetical worst-case scenario that never happened. Just as the *Elcock* expert improperly assumed that the plaintiff was 100 percent disabled,

*See* 233 F.3d at 756.

the document she cites for support does not show what "actually occurred." *See In re Pool Products*, 166 F. Supp. 3d at 674. Because Professor Dafny's theory cannot account for the record evidence, there is a "chasm

between [her] opinion and the ascertainable facts of this case." *See R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, No. 99-cv-1174, 2004 WL 1613563, at *9 (N.D. Ill. July 19, 2004). As the Supreme Court has made clear, however, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Joiner*, 522 U.S. at 146. That is all Professor Dafny offers. Her testimony should be excluded under Rule 702 as a result.

## CONCLUSION

For the reasons set forth above, Blue Cross respectfully requests that the Court exclude Professor Dafny's ███████████████████████████████████████ ███ In particular, Blue Cross requests that the Court exclude the testimony of Professor Dafny ███████████████████████████ Steward from Rhode Island, as described in Parts VII.B.2-3 of her Report.

DATED: November 1, 2017

/s/ Patricia K. Rocha
John A. Tarantino (#2586)
Patricia K. Rocha (#2793)
Joseph Avanzato (#4774)
Leslie D. Parker (#8348)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
javanzato@apslaw.com
lparker@apslaw.com

N. Thomas Connally, III (*Pro Hac Vice*)
Emily M. Yinger (*Pro Hac Vice*)
Hogan Lovells US LLP

10

Park Place II, Ninth Floor
7930 Jones Branch Drive
McLean, VA 22102
Tel: (703) 610-6100
Fax: (703) 610-6200
tom.connally@hoganlovells.com
emily.yinger@hoganlovells.com

Robert F. Leibenluft (*Pro Hac Vice*)
William L. Monts III (*Pro Hac Vice*)
Justin W. Bernick (*Pro Hac Vice*)
Hogan Lovells US LLP
555 13th Street NW
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
robert.leibenluft@hoganlovells.com
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

*Attorneys for Blue Cross & Blue Shield of
Rhode Island*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 1, 2017, I filed the foregoing Memorandum of Law through the ECF system and that notice will be sent electronically to the below listed counsel who are registered participants identified on the mailing information for Case No. 13-405-S.

Robert C. Corrente, Esq.
Christopher Dawson, Esq.
Joseph Cooper, Esq.
Whelan, Corrente, Flanders,
Kinder & Siket LLP
100 Westminster St., #710
Providence, RI 02903
rcorrente@wckslaw.com
cdawson@wckslaw.com
jcooper@wckslaw.com

Brendan V. Sullivan, Jr., Esq.
Steven R. Kuney, Esq.
Kevin Hardy, Esq.
Mark S. Levinstein, Esq.
Daniel W. Bell, Esq.
Matthew P. Mooney, Esq.
Frank Lane Heard, III, Esq.
Colette Connor, Esq.
Williams & Connolly LLP
725 12th Street, N.W.
Washington, DC 20005
bsullivan@wc.com
skuney@wc.com
khardy@wc.com
mlevinstein@wc.com
dbell@wc.com
mmooney@wc.com
lheard@wc.com
cconnor@wc.com

/s/ Patricia K. Rocha